## JACK LOCKHART v. THE STATE.

### *No. 7064.    Decided June 21.*

1. **Practice—Accomplice Testimony—Charge of the Court.**—See the state-ment of the case for a charge of the court upon accomplice testimony, *held* sufficient in the absence of requested instructions amplifying the same, and requiring directly the corroboration of the impugned witness if the jury should find him to be an accomplice to the crime.

2. **Same—Possession of Recently Stolen Property** is in no sense presumptive evidence of guilt, but is merely a circumstance to be considered by the jury in connec-tion with the other evidence in the case.   In this case the trial court charged the jury that "when the State relies upon the possession of recently stolen property as a pre-sumption of guilt," etc.   *Held,* error, as being upon the weight of evidence.

3. **Same—Cumulative Punishment—Sentence.**—The code of this State provides for cumulative punishment when two or more convictions of the same defendant have been had at the same time, but prescribes that the judgment in the subsequent convic-tion shall be that the punishment shall begin when the judgment and sentence in the preceding conviction shall have been satisfied, and the sentence and execution thereof shall be accordingly.   Although the record in this case does not show a preceding con-viction and pending punishment, the sentence fixed the punishment to commence at a time two years in the future.   *Held,* that the sentence was invalid, and that it can not be upheld on presumption that it pronounced a cumulative penalty.

APPEAL from the District Court of McCulloch.   Tried below before Hon. J. W. Timmins.

This conviction was for the theft of sixty-four head of sheep, the prop-erty of N. B. Waters.   The penalty assessed by the verdict was a term of two years in the penitentiary.

The rulings of this court in this case do not require an extended state-ment of the facts proved on the trial.   With reference to the matter in-volved in the ruling announced in the first head note, it is sufficient to note that the witness Chaffin testified that he told the defendant that rumor connected his, defendant's, name with the theft of the sheep; that de-fendant thereupon admitted that he and one Griffiths stole the sheep, and that thereafter he, the witness, at the request of the defendant, drafted and signed as attesting witness a fabricated bill of sale conveying the said sheep to the defendant.

*R. H. Ward* and *W. Anderson,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE. — It is complained as for error that the charge of the court upon accomplice testimony is insufficient in that it did not instruct the jury that the witness William Chaffin was an accom-plice.   The charge, as far as it went, sufficiently charged the law.   Will-son's Crim. Stats., sec. 2455.   It could have been made more pointed

perhaps by directly submitting to the jury the necessity of the corroboration of the accomplice testimony if they should find from the evidence and law as given that said Chaffin was an accomplice, but in the absence of a special requested instruction amplifying the charge in that respect no error is made to appear.

Exception was made to the charge of the court upon recent possession, the objectionable language being as follows: "When the State relies upon the possession of recently stolen property as a presumption of guilt," etc. This was tantamount to telling the jury that guilt was presumable and might be presumed from recent possession. Recent possession is but a fact or circumstance to be weighed by the jury in determining the question of guilt. The inculpatory inference from such recent possession is not a presumption or conclusion of law, but a deduction of fact to be drawn and ascertained by the jury alone from the circumstances of the case. Boyd v. The State, 24 Texas Ct. App., 570; Matlock v. The State, 25 Texas Ct. App., 654; Florez v. The State, 26 Texas Ct. App., 477. To charge the jury that recent possession is a presumption of guilt would be a charge directly upon the weight of evidence. The charge excepted to above is scarcely less objectionable, and will require a reversal of the judgment.

There is error in the sentence of this defendant in fixing the time for the commencement of his sentence under this conviction from the 16th day of May, 1892, a period of two years from the date when said sentence was passed, to-wit, on May 16, 1890, it not appearing from said sentence that the defendant had been previously convicted in the District Court of McCulloch County, Texas, or elsewhere, nor does any other reason appear why said sentence is made to commence in the future.

When there are two or more convictions of the same defendant at the same time judgment and sentence shall be pronounced in each case the same as if there had been but one conviction, except that the judgment in the second conviction shall be that the punishment shall begin when the judgment and sentence in the preceding conviction shall have ceased to operate, and the sentence and execution thereof shall be accordingly. Code Crim. Proc., art. 800; Willson's Crim. Forms, 771, 772.

We might perhaps presume in favor of the correctness of the sentence that it was cumulative, but there is no reason that such presumptions should be required when it is so easy to state the fact, if fact it be.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.