MILT DUPREE v. THE STATE.

No. 3963.   Decided May 19, 1909.

Rehearing Denied June 23, 1909.

**1.—Local Option—Newly Discovered Evidence—Postponement—Surprise.**

Where the alleged newly discovered evidence was such that the defendant and his counsel must have been necessarily advised and informed thereof, or at least had such notice as required them to make diligent inquiry in respect thereto; and besides failed to ask for a postponement on account of surprise, there was no error in overruling the motion for new trial on this ground.

**2.—Same—Evidence—Too Remote.**

Upon trial of a violation of the local option law there was no error in rejecting testimony that the prosecuting witness was interested in another club and doing his drinking there; this was too remote to contradict the fact that defendant had sold the witness whisky at his club.

**3.—Same—Sufficiency of the Evidence.**

Where upon trial of a violation of the local option law the testimony was conflicting and the credibility of the State's witness seriously assailed, the jury settled these matters, and the conviction will not be disturbed.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Harrison & Wayman,* for appellant.—On question of newly discovered evidence: Weaver v. State, 52 Texas Crim. Rep., 11, 105 S. W. Rep., 189; White's Code Criminal Procedure, art. 817, sub. 6 et seq. On question of evidence with reference to another club: Myers v. State, 52 Texas Crim. Rep., 558, 108 S. W. Rep., 392.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Brown County on an indictment charging him with the sale of intoxicating liquors in said county in violation of the local option law.

The only question arising on this appeal of any moment is to the action of the court in refusing to grant a new trial on account of what was claimed to be the newly discovered testimony of one Gaines Scott. The record discloses the fact that at the May term, 1908, of the District Court of Brown County, some thirteen indictments were returned against appellant all based on the testimony of J. C. Couch, charging him with the unlawful sale of intoxicating liquors to said Couch on different days in April, May and June of that year. The record also shows that during this time Gaines Scott was employed by appellant, who was engaged in selling, as he claims, uno and ino, and who had, he admits, internal revenue license, as a retail liquor dealer. Couch testified in substance that on the 10th day of April, 1907, he approached Scott, who was behind the bar in appellant's place of business, seeking to buy whisky from him and that Scott declined to sell; that thereupon appellant remarked, "Let me behind the counter, I will take the risk of that." The motion sets up the fact that from the time of the return of the indictment until a very short while before the trial the witness, Couch, was not in Brown County, and that neither appellant nor his counsel had opportunity to ascertain what he would testify to and that on the day of the trial, under the direction of the court, Couch did talk with appellant's counsel, and though requested to state all the facts touching the particular sale involved in this transaction, did not mention the presence of Scott at the time of this sale, and that neither appellant nor his counsel had any reason to believe that the testimony of Scott would be material or important upon his trial. We think, in view of the facts as they appear in this record, that the court did not err in refusing to grant a new trial on the ground urged and for two reasons. In the first place, if the facts were that the testimony of this witness was so important as to have required the court to postpone the case, and if the testimony of Couch operated as such surprise as to require a postponement, application should have been made to the court immediately for a postponement or continuance

of the case to enable appellant to obtain the testimony of the missing witness. The record shows, however, this was not done, but that the trial proceeded to a conclusion, the appellant taking his chance on securing a verdict of acquittal, and made no motion- in respect to the absence of Scott, nor suggestion as to the effect of his testimony until after his conviction. He must have known whether such a transaction occurred in Scott's presence. We think the proper practice should be, in every such case as is here presented, if counsel are surprised at the testimony of a witness, that timely application should be made to the trial court to suspend the proceedings to secure the testimony to meet the issue unexpectedly thrust into the proceedings. Nor do we think in any event that the court was called upon, either to continue the case or to grant a new trial because of the absence or for the want of the testimony of Scott. The numerous indictments pending against appellant were notice to him of his conduct and continuous violation of the law, and the State's insistence of his guilt of the sale of intoxicating liquors during practically the entire months of April, May and June. The record shows that during this time the witness Scott was employed continuously and habitually about his place of business, was acquainted with the nature and character of business, and had such relation thereto as that necessarily he must be advised and informed as to whether appellant had whisky and as to whether he was selling whisky in violation of the law. There was no effort to secure the testimony of the witness Scott before the trial, nor does any inquiry seem to have been made before the trial as to what, if any, information he had touching the charges against appellant.

Again, it is insisted that the court erred₀ in refusing to permit appellant to show by himself and other witnesses, as well as by the testimony of the witness Couch, that said Couch was interested in another club in Brownwood at and about the time of the alleged sale in this case and that said Couch was doing his drinking at said other club. We think this testimony so wholly remote that it could, in the nature of things, have had little bearing on the case. The fact, if it were a fact, that Couch was interested in another club and doing his drinking there, would seem to be a very remote circumstance contradicting or denying the fact that appellant had sold him whisky at his club. We do not believe that the admission of this testimony could or would even remotely have affected the result of the trial.

The testimony in the case was directly conflicting and strong motive was shown on the part of Couch to become a witness against appellant and on account of such interest his credibility was seriously attacked. These, however, were matters for the jury.

Finding no error in the record, it is ordered that the judgment be and the same is hereby in all things affirmed.

*Affirmed.*

ON REHEARING.

June 23, 1909.

RAMSEY, JUDGE.—Our attention is called in the motion for rehearing to one or two inaccuracies of statement in the original opinion. The opinion states that the indictment against appellant was returned at the May term, 1908, alleging a sale to have been made on the 10th day of April of the same year. The record in fact shows the indictment had been returned at the May term, 1907, and the sale is alleged to have occurred on the 10th day of April of the same year. The accuracy of the statement in the opinion is also challenged, wherein it is stated that a large number of indictments had been returned against appellant, and that the record showed that the missing witness Gaines Scott had been employed continuously and habitually about appellant's place of business. If we were authorized to look to all the records before us, this statement would be true, but applying and restricting our statement to the record as shown in this particular case, the matter as stated in the original opinion is not strictly accurate. However, these matters are not important to the disposition of the case and are now made with a view of having the record reflect the precise facts. The record of this case does show that the absent witness was employed and engaged at the place and time when the sale was alleged to have been made. The testimony of the witness Couch identifies this particular day, April 10, 1907, as the day and time when the sale was made, it being the very day alleged in the indictment.

We think, as stated in the original opinion, that the nature of the charge, the particularity of the day and all the circumstances were such as inevitably and necessarily to have advised and informed appellant of the importance of Scott's testimony, or at least to have called on him to have made diligent inquiry in respect to the information he had touching the case. We think, further, as stated in the original opinion, that if it could be said that in fact there was a surprise sprung on him in the trial, he should have made application for a postponement of the case in order to obtain the testimony of the missing witness. This he did not do.

The motion for rehearing is overruled.

*Overruled.*