## O. T. CALLOWAY v. THE STATE.

### No. 6781. Decided April 26, 1922.

**1.—Burglary—Suspended Sentence—Practice in Trial Court.**

Where defendant was convicted for a felony and judgment of suspended sentence was rendered, and thereafter at a subsequent term of court he was placed upon trial for another felony case, the issue of suspended sentence should not have been submitted to the jury, but where the jury recommended a suspended sentence, the court erred in sustaining the State's motion to strike out the suspended sentence and make the punishment cumulative with the former conviction, and the judgment must be reversed and reformed by affirming and reinstating first sentence.

**2.—Same—Rule Stated—Suspended Sentence—Final Judgment.**

Before the suspension of sentence can be set aside in a given case, and sentence therein be pronounced against the accused, there must be shown a final subsequent conviction of the accused of some other felony, and where there had been no final conviction at the time defendant's suspended sentence was set aside in the instant case, the judgment must be reinstated, giving the appellant the benefit of suspended sentence.

Appeal from the District Court of Fannin. Tried below before the Honorable Ben H. Denton.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Grady Sturgeon,* for appellant.—Cited Sorrell v. State, 169 S. W. Rep., 299, and other cases. Calloway v. State, No. 6782, recently decided.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant .was convicted in the District Court of Fannin County of burglary, with punishment fixed at five years in the penitentiary.

This conviction was had at the February Term 1921 of the court below. Application for suspended sentence was made and upon the jury's finding in appellant's favor thereon, a judgment was duly entered suspending the sentence and appellant was given his liberty upon his own recognizance as directed by statute. It is made to appear that thereafter at a subsequent term of said court appellant was put upon trial in another felony case, and that in said latter cause the issue of suspended sentence was again submitted to the jury. This latter proceeding was erroneous. See Hill v. State, cause No. 6678, opinion this day handed down. In said second case above referred to, the jury again recommended a suspension of sentence. Upon motion of the State the trial court seems to have struck out the recommendation of the jury for such suspension of sentence in said second case, and sentence was pronounced against appellant directing his confinement for a period of five years in the penitentiary, without suspension. Thereupon in the instant case the State proceeded under the terms of Article 865e, Vernon's C. C. P., to set aside the suspended sentence therein given to appellant, and sentence was duly pronounced against him for the full term of five years, which sentence was made cumulative of that given to appellant in the case tried at the later term to which appellant excepted, and brings the case before us on appeal. In our opinion the trial court erred in sustaining the State's motion to strike out that part of the jury's finding in said later trial, being cause No. 9455 on the docket of the court below, which recommended the suspension of the sentence. We also believe the court erred in rendering a judgment and imposing sentence upon the appellant not in response to the verdict of the jury. Primarily said court erred in submitting the law of suspended sentence inasmuch as the accused had theretofore been convicted of a felony, which conviction was within the judicial knowledge of the trial court, having been had at a former term thereof. Having submitted the issue of suspended sentence in cause No. 9455, neither the trial court nor this court could know that the term of years given appellant by the verdict in said case, was not affected by the further fact that said jury were led to believe that they might also suspend over the head of appellant as an incentive to good behavior, the sentence reflecting the execution of the judgment and verdict. That the jury were mercifully inclined toward appellant was evidenced by their grant of suspended sentence. Had the case been submitted without instruction that they might suspend said sentence, said jury

might not have given a punishment greater than the minimum of two years allowed by law.

Our Code of Criminal Procedure prescribes the requisites of a final judgment in a criminal proceeding, Article 853, Vernon's C. C. P. The tenth subdivision of said article is as follows:

"That the defendant be punished as has been determined by the jury in cases where they have the right to determine the amount or the duration and the place of punishment in accordance with the nature and terms of the punishment prescribed in the verdict."

Baker v. State, 70 Texas Crim. Rep. 618; 158 S. W. Rep. 998. A judgment which did not substantially embody the finding of the jury would be wrong, and from the consequences of such judgment the accused would be entitled to relief. It is provided by Article 865e, Vernon's C. C. P., that before the suspension of sentence can be set aside in a given case, and sentence therein be pronounced against the accused, there must be shown a final subsequent conviction of the accused of some other felony. The judgment of the court in cause No. 9455, supra, was appealed from and said cause is now pending in this court on such appeal. There had been no final conviction of appellant in any other felony case, at the time his suspended sentence was set aside in the instant case, and for such reason the judgment of the trial court setting aside such suspended sentence and sentencing appellant must be set aside, and the judgment of said court as of date March 7, 1921, giving to appellant the benefit of the suspended sentence, will be reinstated.

The judgment of the trial court sentencing appellant will be reversed, and the original judgment reinstated as above indicated, and as reinstated will be affirmed.

*Reinstated and affirmed.*