**Anthony Fitzgerald TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 934–85.**

Court of Criminal Appeals of Texas, En Banc.

June 3, 1987.

Allen C. Isbell (on appeal only), Houston, for appellant.

Michael J. Guarino, Dist. Atty., & Susan W. Burris, Asst. Dist. Atty., Galveston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted by a jury of aggravated sexual assault in Cause No. 39,863 in the 10th District Court of Galveston County. The jury assessed his punishment at forty (40) years' imprisonment. Immediately prior to formal sentencing the trial court conducted a hearing on the State's written motion for "consecutive sentencing" pursuant to Article 42.08, V.A. C.C.P., requesting that the sentence to be imposed not begin until the sentence in a prior conviction "(Cause Number 39,830)"[1] had ceased to operate. At the conclusion of the hearing the trial court "stacked" the sentences.

On appeal the appellant contended in three points of error, inter alia, that the cumulation order entered by the trial court in the sentence should be stricken since there was no evidence offered to show that there was such a prior conviction in Cause Number 39,830, and no showing that appellant was the same person convicted in said Cause Number 39,830, and if the trial court took judicial notice of a conviction in another and different district court, it was improperly taken.

---

1. No further description of the prior conviction was set forth in the written motion.

On appeal the Court of Appeals affirmed the conviction, rejecting all of appellant's points of error. *Turner v. State*, 695 S.W.2d 254 (Tex.App.-Houston [1st Dist.] 1985). In rejecting appellant's above described contentions, the Court of Appeals wrote:

"In opposition to the State's motion for consecutive sentencing, appellant presented no controverting proof alleging that he was not the defendant in cause number 38,380 (sic) or that there was no conviction in that cause. Appellant did not dispute during the trial that he was the same defendant convicted in cause number 38,380 (sic) or that a conviction occurred. The appellant also failed to object to the trial judge's taking judicial notice of a conviction of the same defendant. Appellant has, accordingly, preserved no error for review. The failure to object waives any except fundamental error.

"The transcript sufficiently reflects the prior conviction and since there was no objection, it was admissible."

We granted appellant's petition for discretionary review to determine the correctness of the holding of the Court of Appeals.

The record reflects that after the court convened the hearing on the State's motion for "consecutive sentencing" there was no proof offered by the State that there was a prior conviction as alleged or any evidence identifying the appellant as the person so previously convicted. The hearing consisted entirely of colloquy between the attorneys and the trial judge with the judge explaining just why he was exercising his discretion under Article 42.08, V.A.C.C.P. There was no objection that the State had failed to sustain its burden of proof.

The State did not request that the trial judge take judicial notice of the prior conviction nor did the judge inform the parties that judicial notice was being taken of such conviction. Just before commencing the hearing and recognizing the prosecutor, the Court stated:

"In Cause Number 39,830 there's a judgment and sentence entered against Anthony Fitzgerald Turner on the 2nd day of July 1984, sentencing him to 25 years in the Texas Department of Corrections for the offense of burglary of a habitation."

After being recognized, the prosecutor noted:

"Your Honor please, as the Court stated, the Defendant was previously convicted of a burglary of a habitation, and I believe sentence imposed of 25 years July 2nd 1984, by Judge Harris, and I understand the case is on appeal."

The assertion was not under oath, and as earlier observed, no proof of the conviction was offered nor does the record contain a copy of the judgment and sentence in the alleged prior conviction.[2] The Court of Appeals observed the "appellant presented no controverting proof" and did not dispute there was a prior conviction or that he was not the same person so previously convicted, and failed to object to the taking of judicial notice, and thus did not preserve any error for review.

At the time of this 1984 sentencing Article 42.08, V.A.C.C.P., provided:

"When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly."

---

**2.** We must disagree with the Court of Appeals that the "transcript sufficiently reflects the prior conviction."

Now see Article 42.08 as amended (Acts 1985, 69th Leg., ch. 29, § 1, eff. Sept. 1, 1985).

Tracing the history of the statute, we find that prior to 1879 there was no authority under the "criminal code of Texas" for a judge to fix the commencement of a term in the penitentiary at the expiration of another term. *Prince v. State*, 44 Tex. 480 (1876);[3] *Hannahan v. State*, 7 Cr.R. 664 (Court of Appeals 1880); *Baker v. State*, 11 Cr.R. 262 (Court of Appeals 1881).

In the 1879 Code of Criminal Procedure, Article 800 provided for cumulation of punishment by the trial court for the first time. It is observed that this first statute applied only to felony convictions "at the same term of court" and was nondiscretionary in its language.[4] And such statute was held constitutional in *Shumaker v. State*, 10 Tex.App. 117 (Court of Appeals 1881). See also *Lillard v. State*, 17 Tex.App. 114 (Court of Appeals 1884).

Article 800 of the 1879 Code of Criminal Procedure was amended in 1883.[5] The amendment removed the restriction as to "the same term of court," *Ex parte Moseley*, 30 Tex.App. 338, 17 S.W. 418 (Court of Appeals 1891); *Ex parte Lawson*, 98 Tex. Cr.R. 544, 266 S.W. 1101 (1925), and authorized the cumulation of sentences where the defendant had been convicted of a felony in some other county or at some former term of the same court. *Miller v. State*, 44 S.W. 162 (Tex.Cr.App.1898). The amendment also made the statute applicable to misdemeanors where imprisonment was part of the punishment as well as felonies. *Stewart v. State*, 37 Tex.Cr.R. 135, 38 S.W. 1143 (Court of Appeals 1897); *Ex parte Cox*, 29 Tex.App. 84, 14 S.W. 396 (Court of Appeals 1890); *Ex parte Banks*, 41 Tex. Cr.R. 201, 53 S.W. 688 (1899). Cf. *Ex parte Davis*, 71 Tex.Cr.App. 538, 160 S.W. 459 (1913).

Said Article 800 as amended in 1883 became Article 840 of the 1895 Code of Criminal Procedure and later Article 862 of the 1911 Code of Criminal Procedure unchanged except for punctuation.

In 1919 Article 862 of the 1911 Code of Criminal Procedure was amended to place the cumulation of punishment within the discretion of the trial court.[6]

Such statute as amended in 1919 became Article 774 of the 1925 Code of Criminal Procedure unchanged, and Article 774 was subsequently brought forward as Article 42.08 of the 1965 Code of Criminal Procedure unchanged except that the words "Department of Corrections" were substituted for "penitentiary." Now see Article 42.08 as amended in 1985 adding § (b).

Over the years most questions arising under Article 42.08, supra, and its forerun-

---

**3.** At this time the Code provided "that the jury shall assess the punishment in all cases where it is not fixed by law." *Prince*, supra, at 484.

**4.** Article 800, V.A.C.C.P. (1879), provided:

"Where the same defendant has been convicted in two or more cases *at the same term of court*, and the punishment assessed in each case is confinement in the penitentiary for a term of years, judgment and sentence shall be rendered and pronounced in each case in the same manner as if there had been but one conviction, *except that the judgment in the second or subsequent convictions shall be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate,* and the sentence and execution thereof shall be accordingly." (Emphasis supplied.)

**5.** The 1883 amendment provided:

"When the same defendant has been convicted in two, or more cases, and the punishment assessed in each case, is confinement in the penitentiary, or the county jail for a term of imprisonment, judgment and sentence shall be rendered and pronounced in each case in the same manner as if there had been but one conviction, except that the judgment in the second and subsequent convictions shall be, that the punishment shall begin when the judgment and sentence in the preceding conviction have ceased to operate, and the sentence and execution thereof shall be accordingly." Acts Feb. 12, 1883, p. 8.

**6.** The latter portion of the statute was amended to read:

"... except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and execution shall be accordingly." (Act 1919, 36th Leg., p. 56, ch. 20.) (Emphasis supplied.)

ners have dealt with the sufficiency of the order cumulating sentences, whether the order contained the necessary elements or essential recitals. See, e.g., *Ex parte Lewis*, 414 S.W.2d 682 (Tex.Cr.App.1967); *Ex parte March*, 423 S.W.2d 916 (Tex.Cr.App. 1968), and cases there cited; *Ex parte Reynolds*, 462 S.W.2d 605 (Tex.Cr.App. 1971).

Surprisingly, since 1879, there have not been many reported cases concerning evidence necessary to sustain this form of enhancement of punishment, cumulation of sentences. While the statute has never spelled out procedure, it has been said generally that it is only by virtue of the statute and compliance with its terms that cumulative imprisonment can be assessed and enforced. *Ex parte Hunt*, 28 Tex.App. 361, 13 S.W. 145 (Court of Appeals 1890); *Ex parte Cox*, 29 Tex.App. 84, 14 S.W. 396 (Court of Appeals 1890).

And it has been said that where the record did not show a prior conviction the cumulation order was not valid. *Lockhart v. State*, 29 Tex.App. 35, 13 S.W. 1012 (Court of Appeals 1890).[7]

In *Bullard v. State*, 40 Tex.Cr.App. 348, 50 S.W. 348 (1899), the defendant complained that there was no evidence introduced authorizing the cumulation of the sentence. The record reflected that the defendant was in the penitentiary "from Freestone County" and was brought to Ellis County for trial, but there was no record evidence presented of his prior conviction or any other data. There this Court wrote:

"We hold that, unless record evidence of former convictions of the defendant is introduced, together with oral evidence of his identity unless the convictions occurred at the same term that the appellant is tried, the court will not be authorized to make the sentence cumulative." [8]

Cf., however, *King v. State*, 32 Tex.Cr.App. 463, 24 S.W. 514 (1893).

In *Forester v. State*, 73 Tex.Cr.App. 61, 163 S.W. 87 (1913), record evidence of the prior conviction was offered at the time of sentencing as well as testimony identifying the defendant as the person so previously convicted. The cumulation order was upheld under this procedure. See also *Westfall v. State*, 375 S.W.2d 911 (Tex.Cr.App. 1964) (where cumulation of sentences was authorized where authenticated prison records, with photographed certified copies of judgment and sentence of prior convictions, and testimony of the Sheriff identified the defendant as the person previously convicted).

In *Bridges v. State*, 468 S.W.2d 451 (Tex. Cr.App.1971), the cumulation of sentences was not error where imposed on the defendant by the same judge in different counties of the same judicial district court approximately six days apart although no evidence was presented as the same person previously convicted. The court noted the trial court may judicially notice its own records and proceedings and take judicial notice that a defendant has been previously convicted by the court citing 23 Tex.Jur.2d, Evidence, § 27, pp. 47–48. See generally 25 Tex.Jur.3d, Criminal Law, § 3655.

In the instant case no record evidence of the prior conviction was offered and there was no testimony identifying appellant as the person previously convicted. There were no admissions or stipulations. There is nothing in the record to indicate that the court took judicial notice of a prior conviction in another court. There was no formal request for the court to take judicial notice of a prior conviction in another court, and the court did not announce that it had done so. The Court of Appeals, however, found that appellant failed to object to the trial court's taking of judicial notice, preserved no error for review and waived all "except fundamental error."

In a criminal case, a trial court may notice judicially all of its own records, in-

---

7. In *Lockhart* the sentence was made to commence two years hence with no mention of a prior conviction and there was no evidence in the trial record as to a prior conviction.

8. In *Miller v. State*, 44 S.W. 162 (Tex.Cr.App. 1898), it was observed that the district court in Denton County properly postponed sentencing following a plea of guilty to await the certified copies of the judgment and sentence in a prior conviction from Hill County.

cluding all judgments and convictions entered by it. 35 Tex Jur.3d, Evidence, § 63, p. 109; 24 Tex.Jur.3d, Crim.Law, § 2980, p. 155; 31 C.J.S., Evidence, § 50(1), p. 1018; 29 Am.Jur.2d, Evidence, § 57, p. 89; *Baker v. State*, 79 Tex.Cr.App. 510, 187 S.W. 949 (1916); *Calloway v. State*, 91 Tex.Cr.App. 502, 240 S.W. 553 (1922); *Dunn v. State*, 92 Tex.Cr.App. 126, 242 S.W. 1049 (1922); *Hardison v. State*, 450 S.W.2d 638 (Tex.Cr. App.1970); *Wilson v. State*, 677 S.W.2d 518, 523 (Tex.Cr.App.1984), citing 1 Ray, Tex. Practice, Evidence, § 186, p. 237. "However, one trial court generally lacks the power to take judicial notice of the records or documents that might be on file in another trial court." *Wilson v. State*, supra, at p. 523.

"As a general rule ... the *courts will not take judicial notice of* the proceedings or *record in another cause*, whether such cause was tried in the same court or *in another court*, so as thereby to supply, *without formal introduction of evidence*, facts essential to the support of the particular cause before the court from those shown in the prior cause." 29 Am.Jur.2d, Evidence, § 58, pp. 90–91, citing *Dupree v. State*, [56 Tex.Cr.App. 559] 120 S.W. 871 (Tex.Cr.App.1909). (Emphasis supplied.)

And in 31 C.J.S., Evidence, § 50(4), p. 1039, it was observed that "state courts generally do not take judicial notice of records of other courts in the state." It also has been said that while a court will take judicial notice of its own records, it is preferable that formal proof of records of proceedings and actions in other courts be presented and introduced in evidence. *Re Estate of Bach*, 81 Misc.2d 479, 365 N.Y. S.2d 454, affirmed (Appellate Div.), 383 N.Y.2d 653.

Only recently in a civil case, *National County Mutual Fire Insurance Co. v. Hood*, 693 S.W.2d 638 (Tex.App.-Houston [14th Dist.] 1985) (no writ hist.), the Court wrote:

"Under the common law a trial court could take judicial notice of records of its own court in a case concerning the same subject matter and between the same or practically the same parties. *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274 (1961). A court may not judicially notice records of another court. *Culver v. Pickens*, 142 Tex. 87, 176 S.W.2d 167, 171 (1944), *Chandler v. Carnes Co.*, 604 S.W.2d 485, 487 (Tex.Civ.App.-El Paso 1980, writ ref'd n.r.e.), *Winslar v. Bartlett*, 573 S.W.2d 608 (Tex.Civ.App.-Waco 1978, no writ), *Missouri-Kansas-Texas Railroad Co. v. Taub*, 345 S.W.2d 442 (Tex.Civ.App.-Houston 1961, no writ). Rule 201 of the Texas Rules of Evidence does not specifically state whether court records can be judicially noticed. We do not see that Rule 201 should change Texas practice in this regard."

The Texas Rules of Criminal Evidence promulgated by this Court did not take effect until September 1, 1986, and so Rule 201 thereof[9] was not applicable to this September 1984 trial.

It is true that the Texas Rules of Evidence (then applicable only to civil cases)

---

9. Said Rule 201 reads:
"**Rule 201. Judicial Notice of Adjudicative Facts**
"**(a) Scope of rule.** This rule governs only judicial notice of adjudicative facts.
"**(b) Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
"**(c) When discretionary.** A court may take judicial notice, whether requested or not.
"**(d) When mandatory.** A court shall take judicial notice if requested by a party and supplied with the necessary information.

"**(e) Opportunity to be heard.** A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.
"**(f) Time of taking notice.** Judicial notice may be taken at any stage of the proceeding.
"**(g) Instructing jury.** The court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed."
Said rule is identical to Rule 201 of the Texas Rules of Evidence promulgated by the Supreme Court of Texas effective September 1, 1983.

became effective September 1, 1983, but if it can be argued (which neither party does) that Rule 201 thereof was applicable to the instant case by virtue of Article 38.02, V.A. C.C.P., there is nothing in the record indicating the court made such application. Further,

> "There is also no indication that appellant was afforded an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed, as provided in the rule." Tex.R. Evid. 201(e). *National County Mut. Fire Ins. Co. v. Hood,* supra, at p. 639.

■ Since the Court of Appeals in its opinion observed that the prior conviction in question had been affirmed in another cause by that court [*Turner v. State,* 688 S.W.2d 698 (Tex.App.-Houston [1st Dist.] 1985)],[10] it should be noted that although an appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties, *Huffman v. State,* 479 S.W.2d 62, 68 (Tex.Cr.App.1972); *Ex parte Flores,* 537 S.W.2d 458 (Tex.Cr.App.1978), the general rule is that an appellate court cannot go to the record of another case for the purpose of considering testimony found there but not shown in the record case before it. *Salinas v. State,* 542 S.W.2d 864 (Tex.Cr. App.1976); Ray, Texas Practice, Law of Evidence (1980), § 186, p. 236.

■ Since no evidence of the prior conviction from another court was offered and it was improper for the trial judge to take judicial notice thereof, if he did, the cumulation order found in the formal sentence in the instant case is invalid. Even if proper judicial notice of the prior conviction itself could have been taken, there was no evidence identifying appellant as the person so previously convicted.

The rationale of the Court of Appeals was wrong. The court attempted to bootstrap itself to the answer it gave. Although not in this order of events, the court found the "transcript sufficiently re-flects the prior conviction." Obviously aware that this was untenable, the Court of Appeals found the trial court had taken judicial notice of the prior conviction although there was no request for judicial notice nor did the court announce it had taken such action. Further, there was no mention or discussion of the lack of authority of the trial court to take judicial notice of a prior conviction from another court. The court faulted the appellant for not objecting to the unannounced taking of judicial notice, for failing to offer controverting proof, and placed the burden on the appellant though it was the State's motion to cumulate sentences. The court found that no error was preserved for review, unless there was fundamental error. Still further, the Court of Appeals took note of the fact that the prior conviction was on appeal in that court. Of course, it could not look to records in other cases to supply factual deficiency in the case before it. And even if judicial notice could have been taken by the trial court of the records of the prior conviction, there would still be missing the evidence identifying appellant as the person so previously convicted.

The cumulation order as set forth in the formal "judgment and sentence" in Cause No. 39,863 in the 10th District Court attempting to cumulate the sentence with Cause No. 39,830 in the 212th District Court is hereby set aside.

As reformed, the judgment of the Court of Appeals is affirmed.

MILLER, J., dissents.

---

10. The petition for discretionary review was granted in this cause. The judgment of the Court of Appeals was vacated and the cause remanded to that court to determine if the unobjected to error in the court's jury charge resulted in "egregious harm." *Turner v. State,* 720 S.W.2d 533 (Tex.Cr.App.1986).