**Todd RESANOVICH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–93–00246–CR.**

Court of Appeals of Texas, Tyler.

May 31, 1994.

Discretionary Review Granted Sept. 21, 1994.

Merrillie W. Maull, Inmate Legal Services, Sugar Land, for appellant.

Randy Sikes, Asst. Dist. Atty., Palestine, for appellee.

HOLCOMB, Justice.

This appeal is from a cumulation order after a conviction and sentence, by a jury, of possession of a deadly weapon in a penal institution. TEX.PENAL CODE § 46.11. We will affirm.

Appellant was charged and convicted of possession of a deadly weapon while he was in prison. The indictment alleged two prior convictions for purposes of enhancement; the jury found both "true." After the jury was dismissed, the trial court asked if there was any objection to formal sentencing at that time, there was not. The State asked that the sentence be stacked on a previously un-identified third conviction that Appellant was serving, a ninety (90) year sentence for murder. Appellant asked that it be stacked on the second conviction used for enhancement which was a five year sentence for robbery. The trial court entered the cumulation order stacking the sentence on the 90 year sentence for murder. .

Appellant brings three points of error, arguing that there is no proof of a conviction for murder, nor evidence that Appellant was the person convicted in that case, and that the cumulation order is void because if the trial court took judicial notice, he improperly took notice of the previous conviction.

In *Coleman,* we held that the TEXAS CODE OF CRIMINAL PROCEDURE Article 42.08(b) mandated that the trial court cumulate the sentence for any offense committed in prison to the sentence being served. *Coleman v. State,* 12–93–00119–CR, slip op. at 3, 1993 WL 539881 (Tex.App.—Tyler December 31, 1993, pet. granted). We defined "sentence" as whatever the prisoner was serving at the time of the offense. *Coleman* at 3.

In *Coleman,* the prisoner was serving two sentences that had been stacked. Before completing the time for the first offense, and while in prison, Coleman committed a third offense. Upon his conviction, he argued that the third conviction could only be stacked on the first sentence since that was the sentence he was serving at the time of the offense. We held that the sentence he was serving was the combination of all sentences he was serving at the time of the offense. In *Coleman,* that meant the sentence he was serving when he committed the offense was a stacked sentence of the first and second convictions.

In *Turner,* the Court of Criminal Appeals held that a cumulation order was void if there was no record evidence of the prior offense and the defendant was not identified as the person previously convicted. *Turner v. State,* 733 S.W.2d 218, 223 (Tex.Cr.App. 1987). Unlike this case, Turner was not in prison when he committed the second offense. This distinction is important because Article 42.08(b) of the TEXAS CODE OF CRIMINAL PROCEDURE did not apply in *Turner* where the trial court had the discretion to cause the sentences to be served consecutively or concurrently. *Turner,* 733 S.W.2d at 221. Here, the trial court had no discretion under Article 42.08(b) and the sentence had to be cumulated with the sentence he was serving at the time of the offense. The trial court had to determine only what sentence Appellant was serving at the time of the offense. Two other points distinguish this case from *Turner.* In *Turner,* the sentence was cumulated on a sentence of a case which was on appeal; secondly, there was no admission by Turner that he was serving the sentence to which the new sentence would be cumulated. *Turner,* 733 S.W.2d at 221–22.

After the trial, the court proceeded to formal sentencing. The State's attorney asked that the sentence be "stacked upon the sentence that Mr. Resanovich is currently serving for murder out of the 195th Judicial District Court of Dallas County in cause number F90–0394–N, he was sentenced on November 19, 1990." The court then asked, "Any objection to formal sentencing today; from the Defendant?" Appellant's attorney

responded, "No, sir, your honor. We would request that the sentence be stacked on the sentence ... for theft." The attorneys then argued as to which sentence was being served; the State believed that the sentence for theft had been discharged. The court interrupted, asking, "What sentence is he serving? Is he still serving the murder sentence?" Appellant's attorney responded, "He's serving both of them." The State reiterated the policy to cumulate the sentence on the murder sentence and then the court asked if there was anything further. Appellant's attorney responded, "Your honor, [Article] 42.08(b) basically says that it should be stacked on the case he's now serving. He is serving both sentences." The court asked Appellant if he had anything to say, to which he responded, "Pray that you would stack it on that sentence my attorney was talking about, sir." After the State again asked that the sentence not run concurrently with the murder sentence, the court asked if there was anything further, to which both parties responded no.

There are significant differences between the steps necessary to safeguard a prisoner's due process protections when he commits an offense while in a penal institution and when without. In the context of Penal Code section 46.11, the identity of the defendant and his prior sentences are imbedded in the nature of the offense. The defendant could not commit the crime of possession of a deadly weapon in a penal institution unless he was serving a sentence for another crime for which he has been identified as having committed. Thus, it only remains for the State to show what sentence the defendant was serving at the time of the offense. Had there been no admission that Appellant was serving the murder sentence, we would have had to conclude that the State did not show the prior convictions.[1]

Article 42.08(b) requires that the sentence be stacked on the end of the sentences being served at the time the offense is committed. *See Coleman*, at 443. The trial court found

and held that the murder sentence would be the end.

The judgment of the trial court is **affirmed.**

---

1. The Legislature has required courts to cumulate sentences for crimes committed in prisons and there are no means to circumvent a cumulation. Had there been no admission, our only recourse would have been to void the cumulation order and remand to the trial court to determine the "sentence he was serving at the time of the offense" and to enter an appropriate sentence.