NO. 07-04-0040-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 19, 2004



______________________________



 IN RE BILLY BOB DAVIDSON, RELATOR


_________________________________






Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

OPINION


 Relator Billy Bob Davidson seeks a writ of mandamus ordering respondent, the
Honorable Jim Bob Darnell, Judge of the 140th District Court of Lubbock County, to rule on
a motion to obtain records and transcript. We deny the petition. 

 On January 30, 2004, relator filed with the clerk of this court a pleading entitled
Petition for Writ of Mandamus. Relator alleges that respondent has failed to act on relator's
motion filed with the trial court clerk. We are requested to direct respondent to rule on
relator's motion, and, in the alternative, to order that relator be furnished a copy of his
records and a transcript of his trial. 

 In support of the petition for writ of mandamus, relator attached (1) unsworn copies
of a letter he purportedly sent to the trial court clerk filing his motion and requesting that it
be presented to "the attention of the court"; and (2) a copy of the motion allegedly sent to
the trial court clerk. No other document or record of proceedings is attached to or furnished
in support of the petition. When petition for writ of mandamus is made, it is the relator's burden to show
entitlement to the relief being requested. See generally Johnson v. Fourth District Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator must file with the
petition a certified sworn copy of every document that is material to relator's claim for relief
and that was filed in any underlying proceeding, and a properly authenticated transcript of
any relevant testimony from any underlying proceeding including any exhibits offered in
evidence or a statement that no testimony was adduced in connection with the matter
complained of. Tex. R. App. P. 52.7(a).

 Moreover, relators seeking issuance of a writ of mandamus must satisfy three
requirements to show entitlement to the writ: (1) a legal duty to perform; (2) a demand for
performance; and (3) a refusal to act. See Stoner v. Massey, 586 S.W.2d 843, 846 (Tex.
1979). A court is not required to consider a motion not called to its attention. Metzger v.
Sebek, 892 S.W.2d 20, 49 (Tex.App.--Houston [1st Dist.] 1994, writ denied). Showing that
a motion was filed with the court clerk does not constitute proof that the motion was brought
to the trial court's attention or presented to the trial court with a request for a ruling. See
In re Chavez, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001) (orig. proceeding). 

 Relator has not attached certified, sworn copies of motions and correspondence
referenced in the petition. Nor has relator shown that demand has been made upon
respondent for action on the alleged motion filed with the trial court clerk, or that
respondent has refused to act. Relator has not presented a record which shows
entitlement to the relief sought, or upon which we are authorized to act.

 The petition for writ of mandamus is denied.



 Phil Johnson

 Chief Justice






 that cause. 

 Appeal in a criminal case is perfected by the timely filing of a sufficient notice of
appeal. Tex. R. App. P. 25.2(b); see Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App.
1998). We have no jurisdiction at this point over an appeal from trial court cause number
15,788-C. Accordingly, the appeal pending in number 07-04-00494-CR is dismissed for
want of jurisdiction. Tex. R. App. P. 43.2.

 James T. Campbell

 Justice

 

Do not publish. 

1. 
 ' 
 - ' 
2. For this purpose, we may take judicial notice of the clerk's record filed in docket
number 07-04-00492-CR, and do so here. See Turner v. State, 733 S.W.2d 218, 223
(Tex.Crim.App. 1987).