NO. 07-04-0494-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 10, 2004

_____

CALIP JOSEPH FARMER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 15,788-C; HONORABLE PATRICK PIRTLE, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

On October 6, 2004, Calip Joseph Farmer, acting pro se, filed a document entitled Motion to Appeal with the Randall County District Clerk. The document bore two cause numbers in the 251st District Court of Randall County, 15,788-C and 15,792-C. The district clerk forwarded a copy of the document to this court.

Treating the document as a notice of appeal in both trial court causes, this court assigned two docket numbers to the appeals and requested docketing statements. Tex.

R. App. P. 32.2. To the appeal from cause number 15,788-C, we assigned number 07-04-00494-CR; to the appeal from cause number 15,792-C, number 07-04-00492-CR. Farmer responded to this court's letter by filing, on October 13, 2004, two identical docketing statements, each bearing number 07–04-00494-CR.

By letter dated October 12, 2004, the Honorable Patrick A. Pirtle, judge of the 251st District Court, communicated with Farmer concerning the document he had filed, and concerning appointment of counsel. Judge Pirtle reminded Farmer that only cause number 15,792-C had then been tried, and that cause number 15,788-C remained on the trial court's docket to be tried. Judge Pirtle also reminded Farmer that he already had court-appointed counsel in cause number 15,788-C. Since then, on receipt of an affidavit containing financial information, Judge Pirtle has appointed counsel for the appeal of cause number 15,792-C. The clerk's record has been filed in that appeal.

With respect to number 07-04-00494-CR, based on Judge Pirtle's letter, this court sent a letter to Farmer and his trial counsel stating it appeared no final order had been entered in the cause from which an appeal would lie. The letter directed Farmer to file, on or before November 22, 2004, a response stating the date of the judgment or order in cause number 15,788-C that he was appealing. We advised Farmer that failure to submit a response would subject the appeal to dismissal. No response has been submitted.[1]

---

[1]The letter addressed to Farmer was returned undelivered, but his counsel received her copy of the letter and this court's clerk has further discussed the status of trial court cause number 15,788-C by telephone with Farmer's counsel.

The information in the document Farmer originally filed with the district clerk on October 10 and the information in the docketing statements he filed with this court all concern his conviction for burglary of a habitation, the charge tried in trial court cause number 15,792-C.[2] Information obtained by this court's clerk by telephone from Farmer's counsel in cause number 15,788-C confirms that the case still is in its pretrial stage.

Rule of Appellate Procedure 27.1(b) provides that a prematurely filed notice of appeal is effective under some circumstances, but that a notice of appeal is not effective if filed before the trial court makes a finding of guilt or receives a jury verdict. Tex. R. App. P. 27.1(b). Since cause number 15,788-C has not been tried, no jury verdict has been received or finding of guilt made, and the document Farmer filed in October was not an effective notice of appeal of that cause.

Appeal in a criminal case is perfected by the timely filing of a sufficient notice of appeal. Tex. R. App. P. 25.2(b); *see Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). We have no jurisdiction at this point over an appeal from trial court cause number 15,788-C. Accordingly, the appeal pending in number 07-04-00494-CR is dismissed for want of jurisdiction. Tex. R. App. P. 43.2.

James T. Campbell
Justice

Do not publish.

---

[2]For this purpose, we may take judicial notice of the clerk's record filed in docket number 07-04-00492-CR, and do so here. *See Turner v. State*, 733 S.W.2d 218, 223 (Tex.Crim.App. 1987).