NO. 07-04-0494-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 10, 2004



______________________________



CALIP JOSEPH FARMER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 15,788-C; HONORABLE PATRICK PIRTLE, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 On October 6, 2004, Calip Joseph Farmer, acting pro se, filed a document entitled
Motion to Appeal with the Randall County District Clerk. The document bore two cause
numbers in the 251st District Court of Randall County, 15,788-C and 15,792-C. The district
clerk forwarded a copy of the document to this court. 

 Treating the document as a notice of appeal in both trial court causes, this court
assigned two docket numbers to the appeals and requested docketing statements. Tex.
R. App. P. 32.2. To the appeal from cause number 15,788-C, we assigned number 07-04-00494-CR; to the appeal from cause number 15,792-C, number 07-04-00492-CR. Farmer
responded to this court's letter by filing, on October 13, 2004, two identical docketing
statements, each bearing number 07-04-00494-CR. 

 By letter dated October 12, 2004, the Honorable Patrick A. Pirtle, judge of the 251st
District Court, communicated with Farmer concerning the document he had filed, and
concerning appointment of counsel. Judge Pirtle reminded Farmer that only cause number
15,792-C had then been tried, and that cause number 15,788-C remained on the trial
court's docket to be tried. Judge Pirtle also reminded Farmer that he already had court-appointed counsel in cause number 15,788-C. Since then, on receipt of an affidavit
containing financial information, Judge Pirtle has appointed counsel for the appeal of cause
number 15,792-C. The clerk's record has been filed in that appeal. 

 With respect to number 07-04-00494-CR, based on Judge Pirtle's letter, this court
sent a letter to Farmer and his trial counsel stating it appeared no final order had been
entered in the cause from which an appeal would lie. The letter directed Farmer to file, on
or before November 22, 2004, a response stating the date of the judgment or order in
cause number 15,788-C that he was appealing. We advised Farmer that failure to submit
a response would subject the appeal to dismissal. No response has been submitted. (1) 


 The information in the document Farmer originally filed with the district clerk on
October 10 and the information in the docketing statements he filed with this court all
concern his conviction for burglary of a habitation, the charge tried in trial court cause
number 15,792-C. (2) Information obtained by this court's clerk by telephone from Farmer's
counsel in cause number 15,788-C confirms that the case still is in its pretrial stage. 

 Rule of Appellate Procedure 27.1(b) provides that a prematurely filed notice of
appeal is effective under some circumstances, but that a notice of appeal is not effective
if filed before the trial court makes a finding of guilt or receives a jury verdict. Tex. R. App.
P. 27.1(b). Since cause number 15,788-C has not been tried, no jury verdict has been
received or finding of guilt made, and the document Farmer filed in October was not an
effective notice of appeal of that cause. 

 Appeal in a criminal case is perfected by the timely filing of a sufficient notice of
appeal. Tex. R. App. P. 25.2(b); see Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App.
1998). We have no jurisdiction at this point over an appeal from trial court cause number
15,788-C. Accordingly, the appeal pending in number 07-04-00494-CR is dismissed for
want of jurisdiction. Tex. R. App. P. 43.2.

 James T. Campbell

 Justice

 

Do not publish. 

1. 
 ' 
 - ' 
2. For this purpose, we may take judicial notice of the clerk's record filed in docket
number 07-04-00492-CR, and do so here. See Turner v. State, 733 S.W.2d 218, 223
(Tex.Crim.App. 1987). 


 and that the brief was to be accompanied by a Motion to Extend
Time to File Appellant’s Brief. Once again, this Court notified counsel that unless
appellant’s brief was filed as instructed, “this appeal will be abated and the cause
remanded to the trial court for further proceedings without further notice.” 
          On October 8, appellate counsel filed a Second Motion for Extension of Time to File
Brief requesting until October 24 to file appellant’s brief stating that “appellant’s counsel
has been involved in numerous other cases, trials and hearings.” By letter dated October
9, this Court denied appellant’s second motion for extension to file appellant’s brief and
reiterated that the brief was due on October 13. Further, this Court notified counsel that
unless the brief was filed by October 13, the appeal would be abated and remanded to the
trial court. As of this date, appellant’s brief has not been filed.
          Therefore, we now abate this appeal and remand the cause to the trial court for
further proceedings pursuant to Rule 38.8(b)(2) and (3). Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following: 
          1.       whether appellant desires to prosecute the appeal;

          2.       whether appellant has been denied effective assistance of counsel given the
attorney’s failure to file a timely brief.





          The trial court shall cause a hearing to be transcribed. Should it be determined that
appellant does want to continue the appeal and is indigent, then the trial court shall also
take such measures as may be necessary to assure appellant effective assistance of
counsel, which measures may include the appointment of new counsel. If new counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in the order appointing new counsel. Finally, the trial court shall execute
findings of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental clerk's record and
the supplemental reporter's record with the Clerk of this Court by Monday, December 15,
2008.
          It is so ordered.





Per Curiam



Do not publish.