**Petition for Writ of Mandamus Denied and Memorandum Majority and Dissenting Opinions filed September 14, 2021.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-21-00387-CR**

---

**IN RE KENNETH RAY SOWELL, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1007515**

---

## MEMORANDUM MAJORITY OPINION

On July 15, 2021, relator Kenneth Ray Sowell filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator complains that the presiding judge of the 262nd District Court of Harris County has not ruled on his motion for nunc pro tunc judgment

correcting the affirmative finding that a weapon was used during the commission of the offense.[1]

To be entitled to mandamus relief, a relator must show (1) that he has no other adequate legal remedy; and (2) the act sought to be compelled is purely ministerial. *In re Yeager*, 601 S.W.3d 356, 358 (Tex. Crim. App. 2020) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.*

The record shows that relator filed his motion for nunc pro tunc judgment in the trial court.[2] However, relator has not shown that his motion was presented to the trial court for a ruling. Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's

---

[1] Relator titled his filing in this court as a petition for writ of habeas corpus. However, he seeks mandamus relief, not habeas corpus relief.

[2] Relator has filed an appeal from the trial court's failure to rule on his motion for nunc pro tunc judgment, which is pending in this court in case number 14-21-00346-CR. The clerk's record in the appeal contains relator's motion for nunc pro tunc judgment. An appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly the same parties. *Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987). Because this mandamus proceeding and the appeal pending in cause number 14-21-00346-CR involve the same motion filed in the trial court by relator, we can take judicial notice of the clerk's record in the appeal. *See In re Carrington*, No. 07-14-00030-CV, 2014 WL 793990, at *3 (Tex. App.—Amarillo Feb. 25, 2014, orig. proceeding) (mem. op.).

2

knowledge is not imputed to the trial court. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Spain.  (Spain, J., dissenting).
Do Not Publish — Tex. R. App. P. 47.2(b).