

# NUMBER 13-22-00106-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RODOLFO TRUJILLO–TELLO,                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                        **Appellee.**

### On appeal from the 36th District Court
### of Aransas County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Silva

Appellant Rodolfo Trujillo-Tello, an inmate presently incarcerated, brings this pro se appeal of the trial court's order denying his post-conviction motion requesting permission to "borrow the existing trial record on a loan basis." We dismiss this appeal for want of jurisdiction.

## I.     BACKGROUND

We take judicial notice that on June 16, 2016, this Court issued an opinion affirming appellant's continuous sexual abuse of a child conviction, *see* TEX. PENAL CODE ANN. § 21.02, on appeal in appellate cause number 13-15-00197-CR. *See Fletcher v. State*, 214 S.W.3d 5, 7 (Tex. Crim. App. 2007) ("[A]n appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties . . . ." (quoting *Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987))); *see also Trujillo-Tello v. State*, No. 13-15-00197-CR, 2016 WL 3365011, at *1 (Tex. App.—Corpus Christi–Edinburg June 16, 2016, pet. ref'd) (mem. op., not designated for publication). Further, we take judicial notice that the Texas Court of Criminal Appeals refused appellant's petition for discretionary review on November 9, 2016, and a mandate issued from this Court on December 13, 2016.

On March 2, 2022, appellant filed a post-conviction motion entitled, "Applicant's Application to Borrow the Existing Trial Record on a Loan Basis with Incorporated[]Brief in Support."[1] Appellant's incorporated brief stipulated that he was "not seeking a 'Free Copy' of the record, but merely the opportunity to borrow the existing record on a loan basis as his court appointed appellate counsel was allowed to do . . . ." Appellant did not identify the purpose of his request (i.e., whether it was in preparation of an eventual

---

[1] While "an indigent criminal defendant is not entitled to a free clerk's record or reporter's record once he has exhausted his state appeals, absent some compelling recognized reason," a defendant, his agent, or anyone else "retains the right to obtain a copy of the record by making appropriate arrangements, including payment for the cost of copying the records." *In re Trevino*, 79 S.W.3d 794, 796, n.1 (Tex. App.—Corpus Christi–Edinburg 2002, orig. proceeding) (en banc); *see also In re Rosales Cruz*, No. 13-19-00332-CR, 2019 WL 2865120, at *1 (Tex. App.—Corpus Christi–Edinburg July 3, 2019, orig. proceeding) (mem. op., not designated for publication).

2

habeas corpus application), and it is unclear if appellant has already filed an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (outlining the procedure for habeas corpus filings after conviction without death penalty). The trial court signed the order denying appellant's motion on the same day the motion was filed. Appellant's notice of appeal followed. *See* TEX. R. APP. P. 26.2(a)(1).

On March 24, 2022, upon review of appellant's notice of appeal, we notified appellant of our concerns that the trial court's order is not an appealable order and that appellant's appeal was subject to dismissal unless this defect was remedied. *See id.* R. 25.2, 37.1. Appellant's response does not show grounds for continuing the appeal.

## II.    DISCUSSION

To invoke the appellate court's jurisdiction, a defendant must perfect his appeal by filing a timely notice of appeal. *Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018); *see Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "The Texas Rules of Appellate Procedure govern the perfection of appeal." *Smith*, 559 S.W.3d at 531; *see* TEX. R. APP. P. 25.2, 26.2; *see generally Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) ("Jurisdiction must be expressly given to the courts of appeals in a statute."). "Rule 26.2(a) contemplates two events that can start the appellate clock running" in a criminal matter on a direct appeal: (1) "the imposition or suspension of sentence in open court," and (2) the trial court's "entry of 'an appealable order.'" *Smith*, 559 S.W.3d at 531 (quoting TEX. R. APP. P. 26.2(a)).

Appellant asserts that we have the latter before us; we disagree. This is because a trial court's denial of a defendant's request for access to records following an exhausted

3

direct appeal—provided that no Article 11.07 application is pending [2]—is not an "appealable order" subject to appellate review on direct appeal.[3] However, such action may be reviewable if before us on an original proceeding. *See* TEX. R. APP. P. 52.1 (commencement of original proceedings); *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (orig. proceeding) (per curiam) (concluding that intermediate appellate courts have jurisdiction to decide the merits of a mandamus petition concerning a relator's request for trial records sought "for preparation of an eventual habeas corpus application"); *see also In re Alvarez*, No. 13-20-00525-CR, 2020 WL 7233625, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 8, 2020, orig. proceeding) (reviewing the merits of relator's petition for writ of mandamus where he "contends that the trial court has violated its ministerial duty to provide relator with the appellate record pertaining to his conviction"); *Grigsby v. State*, No. 13-18-00533-CR, 2018 WL 5832101, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 8, 2018, no pet.) (mem. op., not designated for publication) (dismissing an appeal for want of jurisdiction where defendant attempted to appeal the trial court's denial of her motion requesting a copy of the trial court records).

---

[2] Intermediate appellate courts do not have original habeas corpus jurisdiction in criminal matters. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *In re Ayers*, 515 S.W.3d 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *see also In re Coulton*, No. 13-20-00368-CR, 2020 WL 5056513, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 27, 2020, orig. proceeding).

[3] In *Smith*, the Texas Court of Criminal Appeals reviewed various examples of "appealable order[s]"—none of which we have here: (1) an "appeal by the State under Article 44.01"; (2) an "appeal from an adverse order after the issuance of a writ of habeas corpus other than a post-conviction application for habeas corpus brought under Article 11.07[;]" (3) "an order entering a *nunc pro tunc* judgment"; (4) "an order setting bail while on appeal"; and (5) "an order denying a motion for post-conviction DNA testing." *Smith v. State*, 559 S.W.3d 527, 535 (Tex. Crim. App. 2018) (quoting *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993)) (internal citations omitted).

Thus, having examined and fully considered the documents on file, this Court is of the opinion that we lack jurisdiction to consider the direct appeal of appellant's post-conviction motion, and appellant's appeal must be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 26.2(a); *Smith*, 559 S.W.3d at 531; *see also Grigsby*, 2018 WL 5832101, at *1.

### III.    CONCLUSION

We dismiss appellant's appeal for want of jurisdiction.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
2nd day of June, 2022.