**Ex parte Robert Sterling MILLER, Appellant.**

**No. 03–96–00437–CR.**

Court of Appeals of Texas, Austin.

Oct. 9, 1996.

---

Norman C. Dean, New Braunfels, for Appellant.

Bill M. Reimer, District Attorney, Dib Waldrip, Assistant District Attorney, New Braunfels, for State.

Before POWERS, ABOUSSIE and JONES, JJ.

PER CURIAM.

Appellant stands indicted under the above cause number for the offense of felony theft. By application for writ of habeas corpus, appellant sought to bar prosecution of this indictment on double jeopardy grounds.[1] The district court denied the writ application by written order stating, "The Court, having been presented the Application for Writ of Habeas Corpus . . . is of the opinion that the same should not be Granted and that no hearing should be set on the Application . . . and the Application is in all things DENIED." This appeal followed. Tex.R.App. P. 44.

The State moves to dismiss the appeal for want of jurisdiction, citing the well-settled principle that no appeal lies from the refusal to issue a writ of habeas corpus. *Ex parte Noe,* 646 S.W.2d 230 (Tex.Crim.App.1983); *Ex parte Moorehouse,* 614 S.W.2d 450 (Tex. Crim.App.1981); *Ex parte Johnson,* 561 S.W.2d 841 (Tex.Crim.App.1978); *Ex parte Carter,* 849 S.W.2d 410, 412 (Tex.App.—San Antonio 1993, pet. ref'd). Appellant responds that the district court did not merely refuse to issue the writ, but also ruled on the merits of the application, thereby giving this Court jurisdiction of the appeal. *Ex parte Hargett,* 819 S.W.2d 866, 868–69 (Tex.Crim. App.1991). In *Hargett,* the district court in which habeas corpus relief was sought refused to issue the writ, but did so in an order that addressed the merits of each allegation contained in the writ application and found each to be without merit. *Id.* at 868; *and see Ex parte Hargett,* 827 S.W.2d 606, 607–08 (Tex.App.—Austin 1992, pet. ref'd) (opinion on remand). The Court of Criminal Appeals held that because the district court undertook to rule on the merits of the habeas corpus application, the court of appeals had jurisdiction of the appeal even though the writ never issued. *Hargett,* 819 S.W.2d at 869.

The district court's order in this cause is not comparable to the order in *Hargett.* The order, quoted in the first paragraph of this opinion, does not purport to rule on the merits of appellant's claims for relief. While it is likely that the court's decision not to issue the writ was based, at least in part, on a determination that appellant's claims lack merit, that alone does not entitle appellant to an appeal. Because the district court denied the application for writ of habeas corpus without expressly ruling on the merits of claims for relief, the *Hargett* rule does not apply.

Because the district court did not rule on the merits of appellant's habeas corpus application, there is nothing for this Court to review on appeal. For us to address the merits of appellant's double jeopardy claim on this record would effectively convert this appeal into an original habeas corpus proceeding. We do not have original habeas corpus jurisdiction in criminal cases. Tex. Code Crim. Proc. Ann. art. 11.05 (West 1977); Tex. Gov't Code Ann. § 22.221(d) (West Supp.1996).

Appellant complains that the district court's refusal to issue a pretrial writ of habeas corpus and conduct a hearing on the merits denies him his right to a pretrial determination of the double jeopardy claim.

---

**1.** The writ application alleged other grounds for relief, but they are not brought forward on appeal. This Court recently affirmed an order denying pretrial habeas corpus relief on a double jeopardy claim very similar to the one asserted by appellant. *Ex parte Garcia,* 927 S.W.2d 787 (Tex.App.—Austin 1996, no pet. hist.).

*See Stephens v. State,* 806 S.W.2d 812, 814 (Tex.Crim.App.1990); *Ex parte Robinson,* 641 S.W.2d 552, 555 (Tex.Crim.App.1982). Be that as it may, this Court's appellate jurisdiction cannot be invoked in the absence of an appealable order. Appellant must present his habeas corpus application to another court having jurisdiction to issue the writ or pursue a writ of mandamus. *Ex parte Hargett,* 819 S.W.2d at 868.

The State's motion to dismiss for want of jurisdiction is granted. The appeal is dismissed.