Dismissed and Memorandum Opinion filed August 24, 2006








Dismissed and Memorandum Opinion filed August 24, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00018-CR

_______________

 

EX PARTE PETER GORDON OKOME, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the County Criminal
Court at Law No. 7

Harris County, Texas

Trial Court Cause No. 1343304

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant,
Peter Gordon Okome, entered a plea of guilty for possession of marijuana.  The
trial court placed appellant on community supervision and deferred a finding of
guilt.  Appellant filed an application for writ of habeas corpus, asserting his
plea was involuntary because his attorney did not advise him of the plea=s effect on his immigration status. 
After a hearing, the trial court denied the application.  Appellant appeals the
trial court=s ruling.  We dismiss the appeal for want of jurisdiction. 








Regardless
of whether the trial court holds a hearing, there is no right of appeal from
the trial court=s granting or denying an application for writ of habeas
corpus.  Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991); Ex
parte Noe, 646 S.W.2d 230, 231 (Tex. Crim. App. 1983). A right of appeal
exists only if the trial court rules on the merits of the claims for relief
requested in the writ.  See Ex parte Hargett, 819 S.W.2d at 868; Ex
parte Miller, 931 S.W.2d 724, 725 (Tex. App.CAustin 1996, no writ).   

At the
hearing, appellant introduced the court reporter=s record from a previous hearing on a
motion for new trial.  The State and appellant both waived argument.  The trial
court ruled that A[b]ased on the evidence in front of me, I=m going to deny the application.@ (emphasis added).  A hand-written
note on the docket sheet states Aapplication denied.@ (emphasis added).  The trial court
did not enter a written order or findings of fact and conclusions of law.[1] 
Because nothing in the record indicates the trial court reached the merits of
appellant=s complaints, we lack jurisdiction on appeal. Ex parte Noe, 646
S.W.2d at 231; Ex parte Miller, 931 S.W.2d at 725; Ex parte Carter,
849 S.W.2d 410, 411B13 (Tex. App.CSan Antonio 1993, writ ref=d).          

Accordingly,
we dismiss this appeal for want of jurisdiction.  

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Opinion filed
August 24, 2006.

Panel consists of Justices Hudson,
Fowler, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Article 11.072 of the Texas Code of Criminal
Procedure specifies the procedures for an application for a writ of habeas
corpus in which the applicant seeks relief from an order or judgment of
conviction ordering community supervision.  Tex.
Crim. Proc. Code Ann. art. 11.072 (Vernon 2005).  Under article 11.072,
the writ issues by operation of law, and the trial court must either issue a
written order finding the application frivolous or enter findings of fact and
conclusions of law.  See id.  However, appellant did not file his
application under article 11.072 of the Texas Code of Criminal Procedure. 
Thus, an appropriate remedy for appellant under the circumstances is to file
his application again under article 11.072.  Appellant may also present his
application to another district judge having jurisdiction.  See Ex parte
Hargett, 819 S.W.2d at 868.