**DISMISSED and Opinion Filed December 9, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01460-CR

### EX PARTE MUAMAR ASAD SAYYED

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. W380-82405-07-HC5**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Evans
Opinion by Justice Reichek

On November 26, 2019, Muamar Asad Sayyed filed his notice of appeal, seeking to challenge the trial court's November 8, 2019 order dismissing his application for writ of habeas corpus. We dismiss the appeal for want of jurisdiction.

Sayyed was convicted by a jury in 2008 of theft of property with a value of at least $20,000 but less than $100,000 and sentenced to fifteen years in prison. On direct appeal, this Court affirmed his conviction. *See Sayyed v. State*, No. 05-08-01198-CR, 2009 WL 2884168 (Tex. App.—Dallas Sept. 10, 2009, pet. ref'd) (not designated for publication).

Ten years later, Sayyed filed an article 11.08 application for writ of habeas corpus in the trial court. After the State filed a response, the trial court dismissed the application, noting that because Sayyed had been convicted and sentenced to a term of incarceration, article 11.08 (a "pretrial" writ which applies only to criminal defendants who have been indicted but whose guilt has not been formally adjudicated) did not apply.

Under article 11.08, an applicant charged with a felony who has been "indicted for an offense but whose guilt has not been formally adjudicated" may apply to the trial court for relief. TEX. CODE CRIM. PROC. ANN. art. 11.08; *Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App.—Texarkana 2008, pet. ref'd). In contrast, article 11.07 applies when an applicant has been convicted. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 1. Sayyed has already been convicted, thus, article 11.08 does not apply and the trial court could not have granted him relief.

Because the trial court did not expressly rule on the merits of appellant's claims for relief in dismissing the application for writ of habeas corpus, we conclude we have no jurisdiction over the appeal. *See Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991); *Ex parte Miller*, 931 S.W.2d 724, 725 (Tex. App.—Austin 1966, no pet.) (per curiam).

We dismiss the appeal for want of jurisdiction.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191460F.U05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE MUAMAR ASAD SAYYED

No. 05-19-01460-CR

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. W380-82405-07-HC5.
Opinion delivered by Justice Reichek, Justices Molberg and Evans participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered December 9, 2019