

## Fourth Court of Appeals
### San Antonio, Texas

## OPINION

No. 04-23-01044-CR

**EX PARTE** Juan Antonio **MOLINA VALENCIA**

From the County Court, Maverick County, Texas
Trial Court No. 30906
Honorable Susan D. Reed, Judge Presiding

Opinion by:             Luz Elena D. Chapa, Justice

Sitting en banc:        Rebeca C. Martinez, Chief Justice
                        Patricia O. Alvarez, Justice
                        Luz Elena D. Chapa, Justice
                        Irene Rios, Justice
                        Beth Watkins, Justice
                        Liza A. Rodriguez, Justice
                        Lori I. Valenzuela, Justice

Delivered and Filed: April 17, 2024

DISMISSED FOR WANT OF JURISDICTION; PETITION FOR WRIT OF MANDAMUS
DENIED

Appellant, Juan Antonio Molina Valencia, appeals from the denial of his pretrial application for writ of habeas corpus. We dismiss the appeal for want of jurisdiction, treat the appeal as a petition for writ of mandamus at Molina Valencia's request, and deny his mandamus petition.

### BACKGROUND

Molina Valencia, a noncitizen, was arrested under Operation Lone Star and charged with the misdemeanor offense of criminal trespass. On March 2, 2023, Molina Valencia filed an application for writ of habeas corpus seeking dismissal of the criminal trespass charge because, he

alleged, the State engaged in selective prosecution, in violation of his right to equal protection, when it decided to charge him. On March 28, 2023, the trial court issued an order stating, "the Application is denied without issuing writ." Molina Valencia timely filed a notice of appeal on April 19, 2023.[1]

On December 18, 2023, we issued an order notifying Molina Valencia that it appears we lack jurisdiction over this appeal and that we would dismiss this appeal unless he filed a response to our order showing that we have jurisdiction.

Molina Valencia filed a response on December 19, 2023. In his response, Molina Valencia argues that the trial court denied his habeas application on the merits. Molina Valencia also requests, in the event we determine that the trial court's order was not on the merits, that we treat his appeal as a petition for writ of mandamus.

## JURISDICTION

There is no right to an appeal when a trial court refuses to issue a habeas writ or dismisses or denies a habeas application without ruling on the merits of the applicant's claims. *See Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008); *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991), *superseded in part by statute as discussed in Villanueva*, 252 S.W.3d at 397; *Ex parte Garcia*, 683 S.W.3d 467, 471–72 (Tex. App.—San Antonio 2023, no pet.) (en banc); *Purchase v. State*, 176 S.W.3d 406, 407 (Tex. App.—Houston [1st Dist.] 2004, no pet.). "Thus, where the record does not show that the trial court ruled on the merits of the application for writ of habeas corpus, we lack jurisdiction over the appeal." *Ex parte Blunston*, No. 04-12-00657-CV, 2013 WL 3874471, at *1 (Tex. App.—San Antonio July 24, 2013, no pet.) (mem. op., not designated for publication); *see Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001,

---

[1] For reasons that do not appear in the record, the notice of appeal was not filed in this court until December 1, 2023.

pet. ref'd) (holding that an appellate court "may consider the entire record" when determining whether the trial court ruled on the merits of a habeas application and dismissing appeal when nothing in the record showed the trial court considered the merits of the application); *Ex parte Miller*, 931 S.W.2d 724, 725 (Tex. App.—Austin 1996, no pet.) (holding that the appellate court lacked jurisdiction over an appeal from a trial court's denial of a habeas application "[b]ecause the district court denied the application for writ of habeas corpus without expressly ruling on the merits of claims for relief").

Here, the trial court did not issue a writ, and the trial court's order simply states that "the Application is denied without issuing writ"—language we have previously held did not suggest a ruling on the merits. *E.g.*, *In re Martinez-Jimenez*, No. 04-23-00547-CR, 2023 WL 7005866, at *2 (Tex. App.—San Antonio Oct. 25, 2023, orig. proceeding) (mem. op., not designated for publication); *In re Lara Belmontes*, 675 S.W.3d 113, 115 (Tex. App.—San Antonio 2023, orig. proceeding). Further, no reporter's record has been filed, and nothing in the record shows that the trial court held any hearings related to Molina Valencia's habeas application or the merits thereof or otherwise considered any evidence related to the application.

Consequently, nothing in our review of the entire record reflects that the trial court considered or expressed an opinion on the merits of Molina Valencia's habeas claims.[2] *See Garcia*, 683 S.W.3d at 473; *Mullinax v. State*, No. 01-19-00881-CR, 2021 WL 2425240, at *4 (Tex.

---

[2] In his December 19, 2023 response, Molina Valencia argues that the trial court's orders in other cases show that the trial court considered the merits of his habeas application in its order in this case. We, however, "may not consider factual assertions that are outside the record." *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004); *see Janecka v. State*, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996) ("It is a long standing principle that we cannot review contentions which depend upon factual assertions outside of the record."); *Evans v. State*, 622 S.W.2d 866, 868 (Tex. Crim. App. 1981) (holding that the court was "bound by the record on appeal as presented to us"). Nor may we consider evidence from the record of another case, unless we take judicial notice of our own records from "the same or related proceedings involving same or nearly same parties." *Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987). Therefore, we may not consider the records from other cases in our determination regarding whether the trial court ruled on the merits of Molina Valencia's habeas application in this case.

App.—Houston [1st Dist.] June 15, 2021, pet. ref'd) (mem. op., not designated for publication); *Ex parte Rodriguez*, No. 13-09-00645-CR, 2010 WL 3310210, at *1–2 (Tex. App.—Corpus Christi-Edinburg Aug. 23, 2010, no pet.) (mem. op., not designated for publication). We therefore conclude that the trial court did not rule on the merits of Molina Valencia's habeas application, and we lack jurisdiction to review his appeal. *See Villanueva*, 252 S.W.3d at 394; *Garcia*, 683 S.W.3d at 473; *Purchase*, 176 S.W.3d at 407; *Bowers*, 36 S.W.3d at 927; *Miller*, 931 S.W.2d at 725.

## REQUEST TO TREAT HABEAS APPEAL AS A MANDAMUS PETITION

We may, in certain circumstances, treat an appeal as a petition for writ of mandamus, if specifically requested to do so by the appellant. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452–54 (Tex. 2011); *Hodge v. Kraft*, 490 S.W.3d 510, 516 n.2 (Tex. App.—San Antonio 2015, no pet.). As stated above, Molina Valencia specifically requests that we construe his appeal as a mandamus petition if we determine the trial court's order is not appealable. We will therefore consider Molina Valencia's appeal as a petition for writ of mandamus.

To be entitled to mandamus relief, the relator must establish (1) "that he has no adequate remedy at law to redress his alleged harm," and (2) "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). "If the relator fails to satisfy either aspect of this two-part test, then relief should be denied." *Id*.

> To satisfy the ministerial-act requirement, the relief sought must be clear and indisputable such that its merits are beyond dispute and there is nothing left to the exercise of discretion or judgment. A clear right to relief is shown when the facts and circumstances dictate but one decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles."

*In re City of Lubbock*, 666 S.W.3d 546, 553 (Tex. Crim. App. 2023) (quoting *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011)). Further, "[m]andamus relief is available for a novel issue or one of first impression with uncontested facts when the law points to but one clear result," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id*. at 554 (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)). Thus, in the context of a criminal proceeding, there may be a clear right to relief even in a case involving a novel issue, if existing law "'clearly establishes' the proposition of law on which relief is predicated." *In re Smith*, 665 S.W.3d 449, 454 (Tex. Crim. App. 2022) (quoting *In re State ex rel. Ogg*, 618 S.W.3d 361, 363 (Tex. Crim. App. 2021)); *see In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) ("[A]n issue of first impression can sometimes qualify for mandamus relief when the factual scenario has never been precisely addressed but the principle of law has been clearly established."). Mandamus relief is inappropriate, however, "if the law surrounding the court's action is unclear" or if the proposition of law on which relief is predicated is unsettled. *State ex rel. Wice v. Fifth Jud. Dist. Ct. of Appeals*, 581 S.W.3d 189, 194 (Tex. Crim. App. 2018); *see In re Meza*, 611 S.W.3d 383, 396 (Tex. Crim. App. 2020).

In the context of a pretrial habeas application, a trial court has a duty to issue a writ and rule on the merits of a pretrial habeas application that has been properly filed with the court, unless it is "manifest from the application itself … that the applicant is not entitled to any relief." TEX. CODE CRIM. PROC. ANN. art. 11.15; *see* TEX. CODE CRIM. PROC. ANN. art. 11.05 (imposing duty on certain courts, when a proper application for a habeas writ has been filed, "to issue the writ under the rules prescribed by law"); *Click v. State*, 39 S.W.2d 39, 407–08 (Tex. Crim. App. 1931) ("Where one entitled to a writ of habeas corpus makes proper application for it to the proper court having jurisdiction, said application conforming to all the statutory requirements and probable

cause being shown, the writ of habeas corpus cannot be denied to the relator, for it then becomes a constitutional right. Neither can it be denied where the granting of it is made an imperative duty by statute."). If a claim is not cognizable in a pretrial habeas application, however, the claim is not a "proper ground[] for habeas corpus relief." *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998); *see Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) ("[W]hether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved."). Thus, if a pretrial habeas application asserts only claims that are not cognizable, it is "manifest from the application itself … that the applicant is not entitled to any relief," and the trial court has discretion to refuse to issue a writ. TEX. CODE CRIM. PROC. ANN. art. 11.15; *see McCullough*, 966 S.W.2d at 531; *Ex parte Gutierrez*, 989 S.W.2d 55, 56 (Tex. App.—San Antonio 1998, no pet.) ("If we conclude the grounds on appeal are not cognizable, then we must affirm the trial court's denial of habeas corpus relief.").

Here, Molina Valencia seeks an order compelling the trial court to issue a habeas writ and rule on the merits of his habeas application. Molina Valencia acknowledges, in his brief, that a trial court has discretion to refuse to issue a writ and rule on the merits of a habeas application when it is "manifest from the application itself, or some documents annexed to it, that the applicant is not entitled to any relief." TEX. CODE CRIM. PROC. ANN. art. 11.15. But Molina Valencia contends that our decision in *Ex parte Aparicio*, 672 S.W.3d 696 (Tex. App.—San Antonio 2023, pet. granted), establishes that his selective prosecution claim was cognizable. Therefore, he argues the trial court could not conclude from his habeas application that he was not entitled to relief. In his December 19, 2023, response to our December 18, 2023, order, Molina Valencia further argues that "[e]ven before *Aparicio*, no reasonable jurist could find that Mr. Molina Valencia's claim was 'utterly without merit.'"

Contrary to Molina Valencia's contention, the question is not whether the claim was meritless; the question is whether it was clear from Molina Valencia's habeas application that he was not entitled to relief. The trial court denied Molina Valencia's habeas application on March 28, 2023. Nearly three months later, we issued our opinion in *Aparicio* on June 21, 2023. Thus, although our opinion in *Aparicio* established that a selective prosecution claim is cognizable in a pretrial habeas proceeding, our opinion was not available to the trial court to inform its decision in this case. *See Aparicio*, 672 S.W.3d at 709–13; *see also Smith*, 665 S.W.3d at 454 (quoting *Ogg*, 618 S.W.3d at 363) (requiring existing law to establish the proposition of law on which relief is predicated for mandamus to be available); *Weeks*, 391 S.W.3d at 122 (holding mandamus relief is available if "the principle of law has been clearly established").

Molina Valencia has not provided, and we have not found, any authority to show that prior to our decision in *Aparicio*, and at the time the trial court denied his habeas application, it was clearly established or well-settled that a selective prosecution claim was cognizable in a pretrial habeas application. *See Smith*, 665 S.W.3d at 454; *Meza*, 611 S.W.3d at 396; *Weeks*, 391 S.W.3d at 122; *Young*, 236 S.W.3d at 210; *see also Ex parte Sheffield*, — S.W.3d —, No. PD-1102-20, 2023 WL 4092747, at *5–7 (Tex. Crim. App. June 21, 2023) (quoting *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005)) (stating that "pretrial habeas corpus is available 'only in very limited circumstances'" and discussing the court's approach to determining whether a claim is cognizable in a pretrial habeas application); *Ex parte Dominguez Ortiz*, 668 S.W.3d 126, 132 (Tex. App.—San Antonio 2023, no pet.) (en banc) (op. on reh'g) (quoting *Ex parte Perry*, 483 S.W.3d 884 (Tex. Crim. App. 2016) (Alcala, J., concurring)) ("The Texas Court of Criminal Appeals's case law in the area of cognizability has received 'fair criticism' that it has been 'somewhat difficult to extract from the case law any general principles indicating what issues are properly raised pretrial by means of the writ.'"); George E. Dix and John M. Schmolesky, 43 *Texas*

*Practice: Criminal Practice and Procedure* § 35:16 (3d ed. 2011 & Supp. 2023) ("It is, however, somewhat difficult to extract from the case law any general principles indicating what issues are properly raised pretrial by means of the writ."; "Texas case law concerning the cognizability of matters in pretrial habeas corpus is in need of development.").

As a result, we conclude that, on this record, Molina Valencia has not met the demanding standard to be entitled to mandamus relief. *See Lubbock*, 666 S.W.3d at 553–54; *Young*, 236 S.W.3d at 210; *see also Lubbock*, 666 S.W.3d at 567 (Keller, P.J., concurring) ("In most criminal cases, the extraordinary mechanism of mandamus (or prohibition) will not be available to resolve unsettled law."); *In re Dallas Cnty. Pub. Def.*, 553 S.W.3d 926, 928 & n.12 (Tex. Crim. App. 2018) (Newell, J., concurring) ("Any ambiguity in a statute isn't resolved through a *de novo* statutory analysis, it results in a denial of relief."); *In re Allen*, 462 S.W.3d 47, 53 (Tex. Crim. App. 2015) ("[A] mandamus proceeding is not the appropriate place to interpret statutory language, clarify this Court's precedent, or create law where there is none. We hold that the absence of existing law precluded granting the State's mandamus relief below; it is by no means an endorsement of the judge's action."). Accordingly, we deny Molina Valencia's petition for writ of mandamus.

## CONCLUSION

Because the trial court's denial of Molina Valencia's habeas application was not based on the merits, we lack jurisdiction to review his habeas appeal. We therefore dismiss his appeal for want of jurisdiction and, at Molina Valencia's request, treat his appeal as a petition for writ of mandamus. Finally, we deny without prejudice Molina Valencia's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

Luz Elena D. Chapa, Justice

PUBLISH