Fourth Court of Appeals
San Antonio, Texas


**MEMORANDUM OPINION**

No. 04-23-00397-CR

**EX PARTE** Arturo **FLORES HERNANDEZ**

From the County Court, Kinney County, Texas
Trial Court No. 10905CR
Honorable Susan D. Reed, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed: June 5, 2024

DISMISSED FOR WANT OF JURISDICTION; PETITION FOR WRIT OF MANDAMUS
DENIED

Appellant, Arturo Flores Hernandez, appeals from the denial of his pretrial application for writ of habeas corpus. We dismiss the appeal for want of jurisdiction, treat the appeal as a petition for writ of mandamus at Flores Hernandez's request, and deny his mandamus petition.

## BACKGROUND

Flores Hernandez, a noncitizen, was arrested under Operation Lone Star and charged with the misdemeanor offense of criminal trespass. On October 31, 2022, Flores Hernandez filed an application for writ of habeas corpus seeking dismissal of the criminal trespass charge because, he alleged: (1) the State engaged in selective prosecution, in violation of his right to equal protection, when it decided to charge him, and (2) the State facilitated his removal from the country, thereby violating his right to trial and his right to counsel. On March 15, 2023, the trial court issued an

order stating, "the Application is denied without issuing writ." Flores Hernandez timely filed a notice of appeal.

On April 8, 2024, we issued an order notifying Flores Hernandez that it appears we lack jurisdiction over this appeal and that we would dismiss this appeal unless he filed a response to our order showing that we have jurisdiction.

Flores Hernandez filed a response on April 11, 2024, in which he argues that the trial court's "order is appealable." Flores Hernandez also requests, in the event we determine that we lack jurisdiction over his appeal, that we treat his appeal as a petition for writ of mandamus.

## JURISDICTION

There is no right to an appeal when a trial court refuses to issue a habeas writ or dismisses or denies a habeas application without ruling on the merits of the applicant's claims. *See Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008); *Ex parte Molina Valencia*, — S.W.3d —, No. 04-23-01044-CR, 2024 WL 1642923, at *1 (Tex. App.—San Antonio April 17, 2024, no pet. h.) (en banc). "Thus, where the record does not show that the trial court ruled on the merits of the application for writ of habeas corpus, we lack jurisdiction over the appeal." *Molina Valencia*, 2024 WL 1642923, at *1 (quoting *Ex parte Blunston*, No. 04-12-00657-CV, 2013 WL 3874471, at *1 (Tex. App.—San Antonio July 24, 2013, no pet.) (mem. op., not designated for publication); citing *Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd); *Ex parte Miller*, 931 S.W.2d 724, 725 (Tex. App.—Austin 1996, no pet.)).

Here, the trial court did not issue a writ, and the trial court's order simply states that "the Application is denied without issuing writ"—language we have previously held does not suggest a ruling on the merits. *E.g.*, *id*. at *2 (citing *In re Martinez-Jimenez*, No. 04-23-00547-CR, 2023 WL 7005866, at *2 (Tex. App.—San Antonio Oct. 25, 2023, orig. proceeding) (mem. op., not designated for publication); *In re Lara Belmontes*, 675 S.W.3d 113, 115 (Tex. App.—San Antonio

2023, orig. proceeding)). Further, no reporter's record has been filed, and nothing in the record shows that the trial court held any hearings related to Flores Hernandez's habeas application or the merits thereof or otherwise considered any evidence related to the application.

Consequently, nothing in our review of the entire record reflects that the trial court considered or expressed an opinion on the merits of Flores Hernandez's habeas claims.[1] *See id*.; *Ex parte Garcia*, 683 S.W.3d 467, 473 (Tex. App.—San Antonio 2023, no pet.) (en banc). We therefore conclude that the trial court did not rule on the merits of Flores Hernandez's habeas application, and we lack jurisdiction to review his appeal. *See Villanueva*, 252 S.W.3d at 394; *Molina Valencia*, 2024 WL 1642923, at *2; *Garcia*, 683 S.W.3d at 473.

### REQUEST TO TREAT HABEAS APPEAL AS A MANDAMUS PETITION

We may, in certain circumstances, treat an appeal as a petition for writ of mandamus, if specifically requested to do so by the appellant. *See Molina Valencia*, 2024 WL 1642923, at *2. As stated above, Flores Hernandez specifically requests that we construe his appeal as a mandamus petition if we determine the trial court's order is not appealable. We will therefore treat Flores Hernandez's appeal as a petition for writ of mandamus.[2]

---

[1] Flores Hernandez argues in his appellate brief that the trial judge held a hearing and heard testimony on an identical claim in another case in a different county and that the hearing in the other case "likely informed her denial in this case." Similarly, Flores Hernandez argues in his April 11, 2024 response to our April 8, 2024 order that the trial court's "order is appealable because . . . the lower court has previously considered the merits of the exact same claim dozens of times in other Operation Lone Star cases." We, however, "may not consider factual assertions that are outside the record." *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004); *see Janecka v. State*, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996) ("It is a long standing principle that we cannot review contentions which depend upon factual assertions outside of the record."). Nor may we consider evidence from the record of another case, unless we take judicial notice of our own records from "the same or related proceedings involving same or nearly same parties." *Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987). Therefore, we may not consider the records from other cases in determining whether the trial court ruled on the merits of Flores Hernandez's habeas application in this case.

[2] Flores Hernandez does not raise any issues in his appellate brief related to the claim in his application for pretrial writ of habeas corpus that the State violated his right to trial and his right to counsel by facilitating his removal from the country; his brief raises issues exclusively related to his equal protection claim. Moreover, Flores Hernandez specifically requests, in his brief, an order compelling the trial judge to issue a habeas writ for, and hold a hearing on the merits of, his selective-prosecution equal protection claim. We therefore construe his appeal as a petition for writ of mandamus requesting mandamus relief solely pertaining to his selective-prosecution equal protection claim.

After considering the petition and the record, we deny Flores Hernandez's request for mandamus relief. *See id*. at \*2–4.

**CONCLUSION**

Because the trial court's denial of Flores Hernandez's habeas application was not based on the merits, we lack jurisdiction to review his habeas appeal. We therefore dismiss his appeal for want of jurisdiction and, at Flores Hernandez's request, treat his appeal as a petition for writ of mandamus. Finally, we deny without prejudice Flores Hernandez's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). Any pending motions are dismissed as moot.

PER CURIAM

DO NOT PUBLISH