

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00446-CR

**EX PARTE** Jefferson Eliud **RODRIGUEZ VILLALOBOS**

From the County Court, Kinney County, Texas
Trial Court No. 14031CR
Honorable Susan D. Reed, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: July 3, 2024

DISMISSED FOR WANT OF JURISDICTION; PETITION FOR WRIT OF MANDAMUS DENIED

Appellant, Jefferson Eliud Rodriguez Villalobos, appeals from the denial of his pretrial application for writ of habeas corpus. We dismiss the appeal for want of jurisdiction, treat the appeal as a petition for writ of mandamus at Rodriguez Villalobos's request, and deny his mandamus petition.

### BACKGROUND

Rodriguez Villalobos, a noncitizen, was arrested under Operation Lone Star and charged with the misdemeanor offense of criminal trespass. On March 16, 2023, Rodriguez Villalobos filed an application for writ of habeas corpus seeking dismissal of the criminal trespass charge because, he alleged, the State engaged in selective prosecution, in violation of his right to equal protection,

when it decided to charge him. On April 14, 2023, the trial court issued an order stating, "the Application is denied without issuing writ." Rodriguez Villalobos timely filed a notice of appeal.

On April 9, 2024, we issued an order notifying Rodriguez Villalobos that it appears we lack jurisdiction over this appeal and that we would dismiss this appeal unless he filed a response to our order showing that we have jurisdiction.

Rodriguez Villalobos filed a response on April 11, 2024, in which he argues that the trial court's "order is appealable." Rodriguez Villalobos also requests, in the event we determine that we lack jurisdiction over his appeal, that we treat his appeal as a petition for writ of mandamus.

### JURISDICTION

There is no right to an appeal when a trial court refuses to issue a habeas writ or dismisses or denies a habeas application without ruling on the merits of the applicant's claims. *See Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008); *Ex parte Molina Valencia*, — S.W.3d —, No. 04-23-01044-CR, 2024 WL 1642923, at *1 (Tex. App.—San Antonio April 17, 2024, no pet. h.) (en banc). "Thus, where the record does not show that the trial court ruled on the merits of the application for writ of habeas corpus, we lack jurisdiction over the appeal." *Molina Valencia*, 2024 WL 1642923, at *1 (quoting *Ex parte Blunston*, No. 04-12-00657-CV, 2013 WL 3874471, at *1 (Tex. App.—San Antonio July 24, 2013, no pet.) (mem. op., not designated for publication); citing *Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd); *Ex parte Miller*, 931 S.W.2d 724, 725 (Tex. App.—Austin 1996, no pet.)).

Here, the trial court did not issue a writ, and the trial court's order simply states that "the Application is denied without issuing writ"—language we have previously held does not suggest a ruling on the merits. *E.g.*, *id*. at *2 (citing *In re Martinez-Jimenez*, No. 04-23-00547-CR, 2023 WL 7005866, at *2 (Tex. App.—San Antonio Oct. 25, 2023, orig. proceeding) (mem. op., not designated for publication); *In re Lara Belmontes*, 675 S.W.3d 113, 115 (Tex. App.—San Antonio

2023, orig. proceeding)). Further, no reporter's record has been filed, and nothing in the record shows that the trial court held any hearings related to Rodriguez Villalobos's habeas application or the merits thereof or otherwise considered any evidence related to the application.

Consequently, nothing in our review of the entire record reflects that the trial court considered or expressed an opinion on the merits of Rodriguez Villalobos's habeas claims.[1] *See id.*; *Ex parte Garcia*, 683 S.W.3d 467, 473 (Tex. App.—San Antonio 2023, no pet.) (en banc). We therefore conclude that the trial court did not rule on the merits of Rodriguez Villalobos's habeas application, and we lack jurisdiction to review his appeal. *See Villanueva*, 252 S.W.3d at 394; *Molina Valencia*, 2024 WL 1642923, at *2; *Garcia*, 683 S.W.3d at 473.

### REQUEST TO TREAT HABEAS APPEAL AS A MANDAMUS PETITION

We may, in certain circumstances, treat an appeal as a petition for writ of mandamus, if specifically requested to do so by the appellant. *See Molina Valencia*, 2024 WL 1642923, at *2. As stated above, Rodriguez Villalobos specifically requests that we construe his appeal as a mandamus petition if we determine the trial court's order is not appealable. We will therefore treat Rodriguez Villalobos's appeal as a petition for writ of mandamus.

After considering the petition and the record, we deny Rodriguez Villalobos's request for mandamus relief. *See id*. at *2–4.

---

[1] Rodriguez Villalobos argues in his appellate brief that the trial judge held a hearing and heard testimony on an identical claim in another case in a different county and that the hearing in the other case "likely informed her denial in this case." Similarly, Rodriguez Villalobos argues in his April 11, 2024 response to our April 9, 2024 order that the trial court's "order is appealable because . . . the lower court has previously considered the merits of the exact same claim dozens of times in other Operation Lone Star cases." We, however, "may not consider factual assertions that are outside the record." *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004); *see Janecka v. State*, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996) ("It is a long standing principle that we cannot review contentions which depend upon factual assertions outside of the record."). Nor may we consider evidence from the record of another case, unless we take judicial notice of our own records from "the same or related proceedings involving same or nearly same parties." *Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987). Therefore, we may not consider the records from other cases in determining whether the trial court ruled on the merits of Rodriguez Villalobos's habeas application in this case.

**CONCLUSION**

Because the trial court's denial of Rodriguez Villalobos's habeas application was not based on the merits, we lack jurisdiction to review his habeas appeal. We therefore dismiss his appeal for want of jurisdiction and, at Rodriguez Villalobos's request, treat his appeal as a petition for writ of mandamus. Finally, we deny without prejudice Rodriguez Villalobos's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). Any pending motions are dismissed as moot.

PER CURIAM

DO NOT PUBLISH