

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-01048-CR

**EX PARTE** Juan Jose **SANTIAGO VILLALOBOS**

From the County Court, Maverick County, Texas
Trial Court No. 31576
Honorable Susan D. Reed, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               Irene Rios, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: July 10, 2024

DISMISSED FOR WANT OF JURISDICTION; PETITION FOR WRIT OF MANDAMUS
DENIED

Appellant, Juan Jose Santiago Villalobos, appeals from the denial of his pretrial application

for writ of habeas corpus. We dismiss the appeal for want of jurisdiction, treat the appeal as a

petition for writ of mandamus at Santiago Villalobos's request, and deny his mandamus petition.

### BACKGROUND

Santiago Villalobos, a noncitizen, was arrested under Operation Lone Star and charged

with the misdemeanor offense of criminal trespass. On March 3, 2023, Santiago Villalobos filed

an application for writ of habeas corpus seeking dismissal of the criminal trespass charge because,

he alleged, the State engaged in selective prosecution, in violation of his right to equal protection,

when it decided to charge him. On March 28, 2023, the trial court issued an order stating, "the

Application is denied without issuing writ." Santiago Villalobos timely filed a notice of appeal on April 19, 2023.[1]

On December 28, 2023, we issued an order notifying Santiago Villalobos that it appears we lack jurisdiction over this appeal and that we would dismiss this appeal unless he filed a response to our order showing that we have jurisdiction.

Santiago Villalobos filed a response on January 5, 2024, in which he argues that the trial court denied his habeas application on the merits. Santiago Villalobos also requests, in the event we determine that the trial court's order was not on the merits, that we treat his appeal as a petition for writ of mandamus.

## JURISDICTION

There is no right to an appeal when a trial court refuses to issue a habeas writ or dismisses or denies a habeas application without ruling on the merits of the applicant's claims. *See Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008); *Ex parte Molina Valencia*, — S.W.3d —, No. 04-23-01044-CR, 2024 WL 1642923, at *1 (Tex. App.—San Antonio April 17, 2024, no pet. h.) (en banc). "Thus, where the record does not show that the trial court ruled on the merits of the application for writ of habeas corpus, we lack jurisdiction over the appeal." *Molina Valencia*, 2024 WL 1642923, at *1 (quoting *Ex parte Blunston*, No. 04-12-00657-CV, 2013 WL 3874471, at *1 (Tex. App.—San Antonio July 24, 2013, no pet.) (mem. op., not designated for publication); citing *Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd); *Ex parte Miller*, 931 S.W.2d 724, 725 (Tex. App.—Austin 1996, no pet.)).

Here, the trial court did not issue a writ, and the trial court's order simply states that "the Application is denied without issuing writ"—language we have previously held does not suggest

---

[1] For reasons that do not appear in the record, the notice of appeal was not filed in this court until December 1, 2023.

a ruling on the merits. *E.g.*, *id*. at *2 (citing *In re Martinez-Jimenez*, No. 04-23-00547-CR, 2023 WL 7005866, at *2 (Tex. App.—San Antonio Oct. 25, 2023, orig. proceeding) (mem. op., not designated for publication); *In re Lara Belmontes*, 675 S.W.3d 113, 115 (Tex. App.—San Antonio 2023, orig. proceeding)). Further, no reporter's record has been filed, and nothing in the record shows that the trial court held any hearings related to Santiago Villalobos's habeas application or the merits thereof or otherwise considered any evidence related to the application.

Consequently, nothing in our review of the entire record reflects that the trial court considered or expressed an opinion on the merits of Santiago Villalobos's habeas claims.[2] *See id*.; *Ex parte Garcia*, 683 S.W.3d 467, 473 (Tex. App.—San Antonio 2023, no pet.) (en banc). We therefore conclude that the trial court did not rule on the merits of Santiago Villalobos's habeas application, and we lack jurisdiction to review his appeal. *See Villanueva*, 252 S.W.3d at 394; *Molina Valencia*, 2024 WL 1642923, at *2; *Garcia*, 683 S.W.3d at 473.

### REQUEST TO TREAT HABEAS APPEAL AS A MANDAMUS PETITION

We may, in certain circumstances, treat an appeal as a petition for writ of mandamus, if specifically requested to do so by the appellant. *See Molina Valencia*, 2024 WL 1642923, at *2. As stated above, Santiago Villalobos specifically requests that we construe his appeal as a mandamus petition if we determine the trial court's order is not appealable. We will therefore treat Santiago Villalobos's appeal as a petition for writ of mandamus.

---

[2] In his January 5, 2024 response, Santiago Villalobos argues that the trial court's orders in other cases show that the trial court considered the merits of his habeas application in its order in this case. We, however, "may not consider factual assertions that are outside the record." *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004); *see Janecka v. State*, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996) ("It is a long standing principle that we cannot review contentions which depend upon factual assertions outside of the record."). Nor may we consider evidence from the record of another case, unless we take judicial notice of our own records from "the same or related proceedings involving same or nearly same parties." *Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987). Therefore, we may not consider the records from other cases in determining whether the trial court ruled on the merits of Santiago Villalobos's habeas application in this case.

After considering the petition and the record, we deny Santiago Villalobos's request for mandamus relief. *See id*. at *2–4.

**CONCLUSION**

Because the trial court's denial of Santiago Villalobos's habeas application was not based on the merits, we lack jurisdiction to review his habeas appeal. We therefore dismiss his appeal for want of jurisdiction and, at Santiago Villalobos's request, treat his appeal as a petition for writ of mandamus. Finally, we deny without prejudice Santiago Villalobos's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). Any pending motions are dismissed as moot.

PER CURIAM

DO NOT PUBLISH