

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00506-CR

**EX PARTE** Adan Michel **REYES-ALVARADO**

From the County Court, Maverick County, Texas
Trial Court No. 31312
Honorable Susan D. Reed, Judge Presiding

PER CURIAM

Sitting: Rebeca C. Martinez, Chief Justice
    Luz Elena D. Chapa, Justice
    Irene Rios, Justice

Delivered and Filed: July 10, 2024

DISMISSED FOR WANT OF JURISDICTION; PETITION FOR WRIT OF MANDAMUS DENIED

Appellant, Adan Michel Reyes-Alvarado, appeals from the denial of his pretrial application for writ of habeas corpus. We dismiss the appeal for want of jurisdiction, treat the appeal as a petition for writ of mandamus at Reyes-Alvarado's request, and deny his mandamus petition.

## BACKGROUND

Reyes-Alvarado, a noncitizen, was arrested under Operation Lone Star and charged with the misdemeanor offense of criminal trespass. On March 1, 2023, Reyes-Alvarado filed an application for writ of habeas corpus seeking dismissal of the criminal trespass charge because, he alleged, the State engaged in selective prosecution, in violation of his right to equal protection, when it decided to charge him. On March 28, 2023, the trial court issued an order stating, "the Application is denied without issuing writ." Reyes-Alvarado timely filed a notice of appeal.

On April 5, 2024, we issued an order notifying Reyes-Alvarado that it appears we lack jurisdiction over this appeal and that we would dismiss this appeal unless he filed a response to our order showing that we have jurisdiction.

Reyes-Alvarado failed to respond to our order. Reyes-Alvarado did, however, request in his brief that, if we determine the trial court's order is not appealable, we treat his appeal as a petition for writ of mandamus.

## JURISDICTION

There is no right to an appeal when a trial court refuses to issue a habeas writ or dismisses or denies a habeas application without ruling on the merits of the applicant's claims. *See Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008); *Ex parte Molina Valencia*, — S.W.3d —, No. 04-23-01044-CR, 2024 WL 1642923, at *1 (Tex. App.—San Antonio April 17, 2024, no pet. h.) (en banc). "Thus, where the record does not show that the trial court ruled on the merits of the application for writ of habeas corpus, we lack jurisdiction over the appeal." *Molina Valencia*, 2024 WL 1642923, at *1 (quoting *Ex parte Blunston*, No. 04-12-00657-CV, 2013 WL 3874471, at *1 (Tex. App.—San Antonio July 24, 2013, no pet.) (mem. op., not designated for publication); citing *Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd); *Ex parte Miller*, 931 S.W.2d 724, 725 (Tex. App.—Austin 1996, no pet.)).

Here, the trial court did not issue a writ, and the trial court's order simply states that "the Application is denied without issuing writ"—language we have previously held does not suggest a ruling on the merits. *E.g.*, *id*. at *2 (citing *In re Martinez-Jimenez*, No. 04-23-00547-CR, 2023 WL 7005866, at *2 (Tex. App.—San Antonio Oct. 25, 2023, orig. proceeding) (mem. op., not designated for publication); *In re Lara Belmontes*, 675 S.W.3d 113, 115 (Tex. App.—San Antonio 2023, orig. proceeding)). Further, no reporter's record has been filed, and nothing in the record

shows that the trial court held any hearings related to Reyes-Alvarado's habeas application or the merits thereof or otherwise considered any evidence related to the application.

Consequently, nothing in our review of the entire record reflects that the trial court considered or expressed an opinion on the merits of Reyes-Alvarado's habeas claims.[1] *See id.*; *Ex parte Garcia*, 683 S.W.3d 467, 473 (Tex. App.—San Antonio 2023, no pet.) (en banc). We therefore conclude that the trial court did not rule on the merits of Reyes-Alvarado's habeas application, and we lack jurisdiction to review his appeal. *See In re Reyes Alvarado*, No. 04-23-00296-CR, 2023 WL 5418813, at *2 (Tex. App.—San Antonio Aug. 23, 2023, orig. proceeding) (mem. op., not designated for publication); *Villanueva*, 252 S.W.3d at 394; *Molina Valencia*, 2024 WL 1642923, at *2; *Garcia*, 683 S.W.3d at 473.

### REQUEST TO TREAT HABEAS APPEAL AS A MANDAMUS PETITION

We may, in certain circumstances, treat an appeal as a petition for writ of mandamus, if specifically requested to do so by the appellant. *See Molina Valencia*, 2024 WL 1642923, at *2. As stated above, Reyes-Alvarado specifically requests that we construe his appeal as a mandamus petition if we determine the trial court's order is not appealable. We will therefore treat Reyes-Alvarado's appeal as a petition for writ of mandamus.

After considering the petition and the record, we deny Reyes-Alvarado's request for mandamus relief. *See id.* at *2–4.

---

[1] Reyes-Alvarado argues in his appellate brief that we "should infer," based on how the trial judge ruled in other cases, that the trial judge's "intent was to deny his application . . . on the merits." We, however, "may not consider factual assertions that are outside the record." *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004); *see Janecka v. State*, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996) ("It is a long standing principle that we cannot review contentions which depend upon factual assertions outside of the record."). Nor may we consider evidence from the record of another case, unless we take judicial notice of our own records from "the same or related proceedings involving same or nearly same parties." *Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987). Therefore, we may not consider the records from other cases in determining whether the trial court ruled on the merits of Reyes-Alvarado's habeas application in this case.

## CONCLUSION

Because the trial court's denial of Reyes-Alvarado's habeas application was not based on the merits, we lack jurisdiction to review his habeas appeal. We therefore dismiss his appeal for want of jurisdiction and, at Reyes-Alvarado's request, treat his appeal as a petition for writ of mandamus. Finally, we deny without prejudice Reyes-Alvarado's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). Any pending motions are dismissed as moot.

PER CURIAM

DO NOT PUBLISH